219 So.2d 294 (1969)
CARL HECK ENGINEERS, INC., Plaintiff-Appellant,
v.
Leo J. DAIGLE et al., Defendants-Appellees.
No. 7564.
Court of Appeal of Louisiana, First Circuit.
January 27, 1969.
Rehearing Denied March 10, 1969.
Writ Refused April 25, 1969.
*295 Charles J. Le Blanc, of Guzzetta & Le Blanc, Clyde C. Caillouet, of Caillouet & Wise, Thibodaux, for Carl Heck Engineers, Inc., & The Employers' Liability Assurance Corp., Ltd.
Wood Brown III, of Montgomery, Barnett, Brown & Read, New Orleans, for Charles Pitre and Grain Dealers Mutual Ins. Co.
Frank B. Hayne III, of Hammett, Leake & Hammett, New Orleans, for Leo J. Daigle & Lumbermans Mutual Casualty Co.
Before LANDRY, REID and SARTAIN, JJ.
SARTAIN, Judge.
Plaintiff-appellant appeals from an adverse judgment in the district court rejecting his demands in toto. This litigation arose from a fire which occurred on December 15, 1964 at Pitre's Garage in Thibodaux in which plaintiff's 1964 Ford Falcon station wagon and all of its contents were destroyed by fire.
On the morning of the incident plaintiff sent his Ford Falcon station wagon to Leo J. Daigle, d/b/a Leo's Conoco Station for the purpose of having the gas gauge of the automobile repaired. Daigle could not do the work immediately and therefore sent the vehicle to Pitre's Garage which was owned and operated by Charles N. Pitre.
While the vehicle was at Pitre's Garage it was totally destroyed by a fire which occurred at approximately 12:00 noon. A considerable amount of survey equipment was in the station wagon at the time and was also lost.
Plaintiff instituted this action in his own name against Leo J. Daigle d/b/a Leo's Conoco Service Station and his insurer, Lumbermen's Mutual Insurance Company; and Charles N. Pitre and his insurer, Grain Dealers Mutual Insurance Company for recovery of the sum of $3,674.03, representing $2,955.65 as the value of the automobile and $618.38 as the value of the survey equipment.
Plaintiff urged the application of the doctrine of res ipsa loquitur and in the alternative alleged some six acts on the part of the defendants which plaintiff claims amounted to negligence proximately causing the fire and loss.
Pitre and Grain Dealers entered a general denial urging that the loss of the vehicle was occasioned by a leak in the gas tank of the vehicle which condition was unknown to defendant and absolved defendant of any negligence.
Daigle and Lumbermen's Mutual also entered a general denial and claimed that if there was any negligence it was on the part of Pitre thus absolving Daigle and his insurer of any liability. Daigle and Lumbermen's Mutual also filed a third party claim against Pitre and Grain Dealers for judgment against the latter in any amount that may be awarded to plaintiff.
On the day of the trial plaintiff filed a "Supplemental and Amending Petition and/or Petition of Intervention" in which plaintiff's insurer, The Employers' Liability Assurance Corporation, Ltd., endeavored to join as a party plaintiff. The supplemental petition alleged that Employers' had entered into a compromise settlement with Carl Heck Engineers, Inc. on March 22, 1965 in the sum of $2150.00 for the loss of the station wagon. The petition also alleges that on December 8, 1965, the date the original petition was filed Carl Heck Engineers, *296 Inc. and Employers' Liability entered into an agreement whereby Carl Heck Engineers, Inc., would institute suit in its own name for all damages suffered but would hold in trust for Employers' Liability the sum of $2150.00 of any amount recovered from the defendants. This agreement was in letter form and was attached to and made a part of the supplemental pleading. Defendants objected to the filing of these supplemental pleadings which objections were referred to the merits.
The trial judge handed down written reasons wherein he held that the doctrine of res ipsa loquitur was applicable and that responsibility for the loss of Heck's vehicle and the survey equipment contained therein fell on Pitre and his insurer. The record in this case fully supports this conclusion for the conflagration which caused the total destruction of plaintiff's vehicle and survey equipment occurred in Pitre's garage while the same was under the total control, management and supervision of Pitre and/or his employees. The testimony offered is contradictory and does not exculpate Pitre and his insurer from the presumption of negligence. As a matter of fact that evidence supports the conclusion that the fire was in fact started as a result of gas which was permitted to escape from the tank of the station wagon while it was in Pitre's shop for repairs.
Notwithstanding the finding of liability on the part of Pitre and his insurer the trial judge held that Heck had failed to prove that the value of his station wagon was in excess of $2150.00 and rejected his demands.
The trial judge also held that under the facts of this case CCP Article 697 and the case of Younger v. American Radiator and Standard Sanitary Corporation, et al, La.App., 193 So.2d 798 are controlling and dispositive of the issue of whether or not Heck could in fact assert the claim of $2150.00. He reasoned that the conventional subrogation resulting from the settlement between Heck and Employers' Liability was by Heck's own admission a partial one which must be judicially enforced jointly by Employers' Liability as subrogee and Heck as subrogor.
Having concluded that Employers' Liability alone could sue for the $2150.00 paid to Heck the judge a quo sustained peremptory exceptions of prescription filed by defendants because the supplemental amending petition was filed more than a year after the date of the loss.
The trial judge also determined that Heck had failed to prove the value of the survey equipment lost in the fire to that degree of legal certainty that would warrant or justify the rendering of any amount therefor.
For reasons hereinafter stated we concur in the opinion of the trial judge that plaintiff, Carl Heck Engineers, Inc., had failed to prove that the station wagon had a value in excess of the sum of $2150.00. However, we must hold that the trial judge committed error as a matter of law when he denied Carl Heck Engineers, Inc.'s demand for $2150.00 for the value of the automobile and also the sum of $579.79 as the reasonable value of the equipment that was lost as a result of the fire. We shall discuss these points in the order mentioned.
CCP Article 697 reads as follows:
"An incorporeal right to which a person has been subrogated, either conventionally or by effect of law, shall be enforced judicially by:
(1) The subrogor and the subrogee, when the subrogation is partial; or
(2) The subrogee, when the entire right is subrogated."
Thus it is clear that where there is a total subrogation the subrogee only (in the absence of any other agreement) has a right to judicially enforce a claim as the subrogor has in effect transferred all of his rights to the subrogee. This is exactly what occurred in the Younger Case, supra. There the plaintiffs attempted without authority *297 from their insurer to recover from the defendants sums in the exact amount that the plaintiffs had previously received from their insurer.
In the instant case we have the following written agreement between Carl Heck Engineers, Inc., subrogor and Employers' Liability, subrogee:
 "December 8, 1965
Mr. Clyde C. Caillouet
Caillouet & Wise
Attorneys at Law
Thibodaux, Louisiana
 In Re: Carl Heck Engineers, Inc.
 vs.
 Leo J. Daigle, et al.
Dear Clyde:
The purpose of this letter is to confirm our verbal agreement that suit would be filed on behalf of Employers Liability Insurance Corporation, insurer, and by Carl Heck Engineers, Inc., insured, solely in the name of the insured, Carl Heck Engineers, Inc., for the loss and damages sustained in the Pitre Garage fire December 15, 1964, when the Heck 1964 Ford Falcon station wagon was completely destroyed along with miscellaneous equipment, clothing and materials. We confirm having agreed that any recovery made by Carl Heck Engineers, Inc. up to the sum of $2,155.00 would be held in trust by Heck Engineers, Inc. for Employers Liability Assurance Corporation, the suit being brought in the name of Heck Engineers alone solely for the purpose of convenience. We confirm further having agreed that any settlement or compromise offer would be based on the value of the station wagon at the time of the fire as $2,155.00, if the defendants refuse to pay the amount sued for.
Please signify your approval to this understanding by signing in the place indicated below.
 Yours very truly,
APPROVED: GUZZETTA & LE BLANC
s/ Clyde C. Caillouet BY: s/ Charles J. LeBlanc 
Clyde C. Caillouet Charles J. LeBlanc, Attorneys for
Attorney for Carl Heck Employers Liability Assurance
Engineers, Inc. Corp., Ltd.
CJL:ehb"
It is therefore clear to us that Carl Heck Engineers, Inc. was not acting in derogation of any rights granted to or contrary to the interest of Employers' Liability. It was agreed as the agreement fully explains that the first $2150.00 would be held in trust for Employers' Liability. This is the distinguishing feature between the facts of the instant case and those which supported the conclusion reached in the Younger Case. In our opinion CCP Article 697 does not prohibit a subrogee from granting to its *298 original subrogor the right to file suit in the subrogor's name. See La Fleur v. National Health & Life Ins. Co., 185 So.2d 838.
It is clear to us that in the instant case the plaintiff was furthering the mutual interest of itself and its insurer and was not acting in derogation of any subrogation rights previously granted to its insurer. We know of no reason in law or equity why the insurer once having obtained subrogation rights cannot permit, authorize or even solicit the aid of another to pursue or judically enforce its subrogation rights. To hold otherwise would be tantamount to saying that once a company has obtained subrogation rights it is prohibited by law from assigning, selling or otherwise transferring any rights so obtained.
It further appears to us that CCP Article 697 has for its express purpose the protection of the subrogor and the subrogee as their respective interests may appear and also the interest of the debtor. A subrogor should not be permitted to collect twice, a subrogee should have the sole authority to pursue its rights as it sees fit and the debtor should not be subject to the harassment of multiple claims. Admittedly, caution must be exercised to determine that the article is not converted into a procedural vehicle by which a party may exercise a claim it has previously disposed of or to invoke a procedure to circumvent prescription. Such is clearly not the case before us.
CCP Article 681 requires that "Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts." However, "an agent has the procedural capacity to sue to enforce a right of his principal, when specially authorized to do so." CCP Article 694. These articles of the Code of Civil Procedure must be considered when applying the provisions of Article 697. If the interest or the procedural capacity of a particular plaintiff is questioned the objection is met by the timely filing of exceptions of failure to include an indispensable party or lack of procedural capacity respectively. Both of these defects may be corrected by amendments to the original petition. In the instant case the plaintiff was in fact acting in a dual capacity, namely: as agent for Employers' Liability for the sum of $2150.00 and in his own right for the balance. Insofar as acting as an agent for Employers' Liability plaintiff's original petition was in fact defective in that it did not specifically allege its representative capacity. However, when the supplemental amending petition was filed the letter was made a part of the pleadings and the record and the right of Carl Heck Engineers, Inc. to proceed for the full amount was in our opinion set forth. It made little if any difference whether or not Employers' Liability entered the suit at all. Employers' Liability was already in the suit through the authority granted by it to Carl Heck Engineers, Inc.
We now turn our attention to the plaintiff's claim for the loss of the equipment which was in the station wagon at the time of the fire. Plaintiff attached to its petition an extensive, detailed and itemized list of the items of survey equipment and clothing. Beside each item was listed the cost and during the course of the trial evidence was offered to apply a depreciation factor to each item. Our review of the record satisfies us that the items claimed to be lost were in fact situated in the vehicle. The trial judge stated that he could not assign a value because plaintiff had failed to offer testimony that would enable the court to assess a depreciated value to the items. We must disagree with this conclusion because there was assigned to each item an amount plaintiff considered that the particular item had depreciated. Granted a large number of the items were such that in plaintiff's opinion did not depreciate and were as good as new. We are satisfied that plaintiff was engaged in extensive engineering work which required the constant purchase of and acquisition of survey equipment. Plaintiff's witnesses testified that they originally assigned catalog *299 prices to each of the items and then assigned a depreciation factor where necessary. The initial cost of the equipment was $717.40. The depreciated value according to plaintiff was $618.38. We believe that plaintiff has in fact borne the burden of proving the cost of the equipment and based on its witnesses' experience was in a position to assign depreciated values. The testimony of plaintiff's witnesses in fact remains unrebutted and defendants offered no evidence to the contrary. Under these circumstances we find plaintiff has satisfactorily borne the burden of proving the reasonable value of the equipment.
A final defense urged by the defendants in opposition to this suit was the alleged failure on the part of the Employers' Liability to submit the matter of the loss of the vehicle to arbitration as each of the insurance companies involved in this litigation belonged to and had previously signed a Nationwide Inter-Company Arbitration Agreement. The trial judge found that the exact terms and conditions of the arbitration agreement were not proved to his satisfaction or made a part of the record to the extent that he could pass on the matter. It will suffice to say that in the trial stage of these proceedings it was too late for the defendants to urge the arbitration agreement. Timely demand was made on each defendant-insurer and ironically enough each suggested to the plaintiff that plaintiff recover from the other. No offer was made to arbitrate by any party prior to the trial. During the course of the trial plaintiff offered to submit the question of the loss of the vehicle to arbitration but defendants' counsel advised the court that they did not have the authority at that time to submit the matter to arbitration.
Plaintiff does not really strenuously urge on appeal liability on the part of Leo J. Daigle and Lumbermen's Mutual Insurance Company. For reasons hereinabove stated the party guilty of negligence and accountable to plaintiff is Charles N. Pitre and Grain Dealers Mutual Insurance Company.
Accordingly, for the above and foregoing reasons the judgment of the district court denying plaintiff, Carl Heck Engineers, Inc., recovery for any sum in excess of $2150.00 for the loss of the vehicle is affirmed. However, the judgment of the district court denying plaintiff, Carl Heck Engineers, Inc., recovery in the sum of $2150.00 for the loss of the vehicle and $618.38 for the loss of the equipment should be and the same is hereby reversed and set aside. Accordingly, judgment is rendered herein in favor of Leo J. Daigle and Lumbermen's Mutual Insurance Company dismissing plaintiff's, Carl Heck Engineers, Inc., suit against them. Judgment is further rendered herein in favor of plaintiff, Carl Heck Engineers, Inc., and against Charles N. Pitre and Grain Dealers Mutual Insurance Company in the full and true sum of $2,768.38 together with legal interest thereon from date of judicial demand until paid and for all costs.
Affirmed in part, reversed in part and rendered.