327 So.2d 183 (1976)
AETNA CASUALTY & SURETY COMPANY et al.
v.
Charles L. BRAUD.
No. 7269.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1976.
*184 Daniel E. Becnel, Jr., Reserve, for Charles L. Braud, defendant-appellant.
Stephen J. Hornyak, Dominick Savona, Jr., Gretna, for Aetna Cas. & Sur. Co. and Thomas McMurry, plaintiffs-appellees.
Before SAMUEL, STOULIG and BOUTALL, JJ.
BOUTALL, Judge.
This case is a suit by Aetna Casualty & Surety Company and Thomas McMurry, plaintiffs, against defendant, Charles Braud, arising from property damage to the McMurry vehicle in a collision with the Braud vehicle on Airline Highway. The trial court rendered judgment for Aetna in the amount of $401.72 (which was the sum it paid to its insured under the terms of an insurance policy between *185 them) and for Thomas McMurry in the amount of $100.00 (the deductible which he paid). Defendant has appealed this judgment and we affirm.
The facts show that Mrs. McMurry was driving the family car on Airline Highway in the direction of New Orleans. In the car with Mrs. McMurry were her four children. Mr. Braud was driving on Airline in the direction of Baton Rouge. Mr. Braud intended to turn left across Airline and onto Atlanta Street. He contends that he made his turn on a red light in conformity with a traffic sign allowing left turns on red lights. Mrs. McMurry contends that she was driving in the left lane of Airline in the opposite direction going about 40 miles per hour. The traffic signal facing her at the intersection of Airline and Atlanta was green. When her car was about 40 feet from the intersection Mr. Braud turned left into her path. She applied her brakes but could not stop in time. The front of the McMurry vehicle struck the right rear of the Braud vehicle.
Defendant has raised six specifications of error allegedly committed by the trial court. We shall discuss each one.

1. THE AMENDED PETITION
This issue arises from the fact that plaintiffs filed a petition in which they erroneously pleaded the facts of the accident. In their petition plaintiffs allege that Mrs. McMurry was the driver making a left turn and Mr. Braud was the driver traveling straight ahead. To this petition defendant filed a general denial. At the trial the court pointed out the discrepancy in the pleadings and plaintiffs asked leave of court to orally amend their petition. Defendant objected to this on the basis of prejudice and asked 15 days to meet the oral amendment. The trial court overruled the objection, allowed the amendment and the case continued.
Defendant's claim of prejudice rests upon the grounds that had the pleading been properly drawn then his answer would have included certain affirmative defenses, such as, last clear chance and contributory negligence. The trial court was impressed by the fact that the defendant and his counsel actually knew that the true contention of plaintiffs was opposite to the petition allegations long before the trial and was well aware of what plaintiffs intended to prove as a result of prior procedural devices. Contained in the record are a set of interrogatories propounded by the attorney for defendant to Mrs. McMurry. These interrogatories clearly set forth the manner in which the accident occurred. Also in the record is a pre-trial order and response in which defendant was to set forth a concise summary of the facts of the accident. This summary, prepared by defense counsel, as well as the summary furnished by plaintiffs, shows quite clearly that he labored under no misapprehension as to the facts of the accident. There is nothing in the record to show he was prevented from filing special defenses either prior to trial or at the time of the amendment of the petition.
We hold that the record evidences that defendant was not prejudiced by the oral amendment and the trial court, in its discretion, properly overruled the objection.

2. THE SUPERVISORY WRITS
Immediately following the trial court's ruling on the oral amendment defendant moved for a continuance in order to take supervisory writs. The trial court refused to grant a continuance.
The law is clear that the matter of granting a continuance in order to take writs to a higher court is within the sound discretion of the trial court. Vincent v. Grain Dealers Mutual Ins. Co., 134 So.2d 415 (La.App.3rd Cir. 1961). We find no abuse of that discretion.

3. THE ACCIDENT REPORT
Defendant assigns as error the viewing of the police accident report by *186 the trial court and its allowance into evidence. The record shows that the defendant did not object to the introduction of the police report into evidence. Defense counsel did make a statement that he felt the police officer was testifying strictly from the report and not from his own memory. This type of evidence is allowed under the doctrine of Past Recollection Recorded, if a proper foundation is laid. The record discloses not only that a proper foundation was laid, but, that most of the foundation was extracted from the witness during defense counsel's cross-examination. As to the trial court viewing the diagram on the police accident report this is certainly not error if the report itself is later admitted into evidence.

4. THE PLAINTIFFS' FAILURE TO CALL ALL SUBPOENAED WITNESSES
Defendant objects to the fact that plaintiffs failed to call all of their subpoenaed witnesses. Defendant would wish this court to apply the presumption that the witnesses would have testified adversely to plaintiffs' cause.
The record shows that the witnesses not called by plaintiffs were Thomas McMurry, husband of Mrs. McMurry, and Mark McMurry, her son. Obviously the presumption cannot apply as to Thomas McMurry since he was not a passenger in the car and has no independent knowledge of the accident. His testimony was only to be elicited as to the vehicle damages and they were stipulated. Mark McMurry was a passenger, however plaintiff did not call him due to his tender years at the time of the accident. The evidence of plaintiffs shows that Mark was seated in the back seat when the accident occurred and it is questionable that he saw the relevant facts as to cause of collision. Other than defendant's assertion in brief as to Mark seeing the accident, defendant brought forth no evidence that Mark did see the accident and thus was a required witness. We find that the case as a whole does not lend itself to the imposition of the adverse presumption.

5. THE VIOLATION OF THE SEQUESTRATION RULE
Defendant asked witness Timothy McMurry if he had discussed the case with his mother or any other witnesses prior to testifying. Timothy admitted that he had discussed the case and facts of the accident prior to taking the stand. Defendant asked to have his testimony disregarded and the trial court denied this motion.
Initially we note that the trial court's sequestration order did not include the warning about discussing testimony with other witnesses or parties. The law on sequestration is found mostly in the criminal law; see C.Cr.P. article 764. The law is that a witness' testimony can be heard or stricken within the sound discretion of the trial court. State v. Kelly, 237 La. 991, 112 So.2d 687 (S.Ct.1959). If the trial court decides to hear the testimony and consider it he must take the violation of his sequestration order into account when assessing the weight of that testimony. The trial court in this case has done exactly that:
"Mr. Becnel:
Your Honor, I move to invoke the rule of sequestration and ask that the Court disregard this witness' testimony.
"The Court:
I am not going to disregard his testimony, but I will take all of the facts into consideration."
In viewing the evidence in this record we feel safe in stating that even had the trial court disregarded Timothy McMurry's testimony there would still exist a preponderance of evidence in plaintiffs' favor.

6. THE NEGLIGENCE OF DEFENDANT
The record supports the negligence of defendant. Mrs. McMurry's testimony *187 is quite clear. She was driving in the left lane and defendant's car pulled out right in front of her. She applied her brakes, as evidenced by the 30 feet of skid marks at the scene, but could not stop in time to avoid the accident.
Defendant's testimony is very confusing. He seemed unsure as to whether the intersection was controlled by a sign permitting a left turn on red or a green arrow light. He contradicted himself in several places and generally gave testimony less worthy of belief.
The factual question is whether Mrs. McMurry had a red or green light when she entered the intersection. The trial court specifically found that she had a green light and thus the right of way. We find no error in that determination which is based strictly on the credibility of the witnesses.
For the foregoing reasons the judgment of the trial court is affirmed. Defendant is to pay all costs.
Affirmed.