381 So.2d 1293 (1980)
Judy Belle V. Millet, wife of Lester J. MILLET, Jr.
v.
Lloyd B. JOHNSON, Individually and as Sheriff of St. John the Baptist Parish.
No. 10765.
Court of Appeal of Louisiana, Fourth Circuit.
March 11, 1980.
*1294 Louis R. Koerner, Jr. and Terry A. Bell, New Orleans, for plaintiff-appellant.
Carville & Edrington, LaPlace, Richard L. Edrington and Bernard J. Rice, III, LaPlace, for defendant-appellee.
Before GULOTTA, CHEHARDY and HOOD, JJ.
HOOD, Judge.
This is a defamation suit instituted by Mrs. Judy Belle Millet against a number of defendants, one of whom is Lloyd B. Johnson, individually and as Sheriff of St. John the Baptist Parish. In response to a motion filed by Johnson, a summary judgment was rendered by the trial court dismissing plaintiff's suit. Plaintiff appealed. We reverse.
The issue presented is whether a genuine issue of material fact exists, and thus whether the trial judge erred in rendering a summary judgment.
LSA-C.C.P. art. 966 provides that a motion for summary judgment shall be allowed if the pleadings, depositions, admissions on file and affidavits show "that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." The summary judgment remedy is not a substitute for a trial. The mere likelihood that the mover will succeed following a trial on the merits, or the belief that the opposing party is unlikely to prevail despite a genuine issue as to a material fact, is not a sufficient basis to warrant the rendition of a summary judgment depriving the litigant of a trial. The burden of proof rests on the party seeking the summary judgment to show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. All doubts concerning the use of such a procedure must be resolved against the granting of a summary judgment and in favor of a trial on the merits. LSA-C.C.P. art. 966, Hobbs v. Firemen's Fund-American Insurance Cos., 293 So.2d 608 (La.App. 3rd Cir., 1974); Mandella v. Russo, 294 So.2d 598 (La.App. 4th Cir., 1974). Laufer v. Touro Infirmary, 334 So.2d 541 (La.App. 4th Cir., 1976). Parker v. South Louisiana Contractors, 340 So.2d 322 (La.App. 1st Cir., 1976).
The pleadings, the admissions on file, the deposition of Robert M. Becnel, the affidavits, and the other receivable evidence in the record, including letters and documents, show that plaintiff is the wife of Lester J. Millet, Jr., who served as Sheriff of St. John the Baptist Parish for several months prior to January 30, 1976. Defendant Johnson defeated Millet in the latter's bid for re-election as Sheriff in 1975, and Johnson was sworn in as Sheriff of that Parish during the early part of 1976. After the election, but before Millet went out of office, the regular bookkeeper for the Sheriff's office resigned, and Millet employed his wife, the plaintiff in this suit, to be the bookkeeper for that office.
On or about August 17, 1976, after Johnson had been sworn in as sheriff, he submitted to the Police Jury of St. John the Baptist Parish a written report of the expenditures made by the Sheriff's Office during the preceding fiscal year, as required by LSA-R.S. 42:283. In that report, he showed that his predecessor, Millet, while serving as Sheriff, paid to plaintiff, his wife, the sum of $3,000.00 for employment for "½ month." Under a heading entitled "St. John Parish Sheriff Salary Fund, Salary Expenditures for period between July 1, 1975 and January 30, 1976," the report includes the following listing:

"Judy Belle V. Millet ½ month $3,000.00"

That report was submitted to the Police Jury and thereafter it was published in "L'Observateur," the official journal of the Parish of St. John the Baptist.
*1295 Mrs. Millet learned about the above listing some time prior to the time the report was published. She thereupon informed defendant Johnson and all members of the Police Jury, by letter, that the report was incorrect. In that letter she advised that she had been employed to work in the Sheriff's Office for a period of three months, beginning November 1, 1975, and ending January 30, 1976, at a salary of $1,000.00 per month, and she requested that the report be corrected to show that fact before it was published. She stated that if the report should be published as originally submitted by Johnson, showing that her husband paid her $3,000.00 for working only ½ month, she intended to institute suit against Johnson and all members of the Police Jury. Mrs. Millet also called attention in that letter to an error in the report relating to the payment of a telephone bill by the Sheriff's Office.
Defendant Johnson received the letter which Mrs. Millet wrote to him. He also received another letter from the Secretary-Treasurer of the Police Jury, dated August 31, 1976, advising him of the alleged discrepancy pointed out by Mrs. Millet, and asking him if there were to be any changes in the financial report which he had submitted to the Police Jury. Johnson replied by letter that "there are no changes to be made in the Salary Fund Records with reference to Mrs. Millet." He added a footnote to the report, however, explaining the error relating to the telephone bill.
After Johnson informed the Police Jury that there would be no changes in the financial report, Mrs. Millet then sent a mailgram to each member of the Police Jury which reads:
"I HAVE BEEN ADVISED BY MY ATTORNEY TO PUT YOU ON NOTICE THAT THE AUDIT REPORT OF SHERIFF LLOYD B. JOHNSON OF SAINT JOHN THE BAPTIST PARISH STATING I RECEIVED $3,000.00 FOR ONE HALF MONTH WORK IS UNTRUE. UNLESS I AM ALLOWED TO DEFEND MYSELF BEFORE THE REPORT IS PUBLISHED TO READ $3,000.00 FOR 3 MONTHS WORK OF WHICH I HAVE SUBSTANTIAL PROOF THAT I DID WORK 3 MONTHS I WILL HAVE NO ALTERNATIVE BUT TO SUE YOU PERSONALLY FOR DEFAMATION OF CHARACTER. I AM USING THIS TELEGRAM AS MY OFFICIAL NOTICE THAT YOU WILL BE SUED PERSONALLY IF THIS REPORT IS PUBLISHED IN IT'S PRESENT FORM
JUDY BELLE V. MILLET"
Despite these notices and requests, the financial report was published as originally submitted by defendant Johnson, except for the footnote which was added to explain the error contained therein relating to the payment of a telephone bill.
The record contains affidavits of three former employees of the Sheriff's Office, all of whom declared that Mrs. Millet worked as the bookkeeper in the Sheriff's Office for three months, during November and December, 1975, and January, 1976. Also in the record is an affidavit executed by Mrs. Millet stating that the financial report filed by Johnson contains an erroneous entry relating to her employment, that she attempted to have Johnson correct the error but he "refused to investigate the error or correct same," and that the report was published in a paper of general circulation in St. John the Baptist Parish "at the insistence and with the approval of defendant Johnson, all in complete disregard of affiant's notices that an error had been committed." The affidavit further recites that "Johnson had reason to know of the falsity of the report," and that "he had the necessary motive and intent to maliciously publish the defamatory report."
Defendant Johnson submitted with his motion for summary judgment two affidavits, one signed by him and the other signed by an employee of the Sheriff's Office, both stating, in effect, that according to the records of that office the information contained in Johnson's financial report relating to the salary paid to Mrs. Millet is true. He also attached to his motion an affidavit signed by the President of the Police Jury *1296 reciting that the decision to publish the financial report was made by the Police Jury, and that "Johnson was not a party to that decision."
Johnson also contends that Mrs. Millet is a "public official," or a "public figure," or a "public person," or that she is a "private figure involved in public debate," or that the question presented in this case is a "matter of public concern." He argues that in view of those circumstances Mrs. Millet cannot prevail in the instant litigation based on defamation, unless she satisfies the burden of proof which was set out by the United States Supreme Court in New York Times Company v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), and the many cases which are the progeny of that decision, including Rosenblatt v. Baer, 383 U.S. 75, 86 S.Ct. 669, 15 L.Ed.2d 597 (1966); Rosenbloom v. Metromedia, Inc., 403 U.S. 29, 91 S.Ct. 1811, 29 L.Ed.2d 296 (1971); and Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). Although Johnson concedes that states now may apply their own standards with regard to defamation, subject to the limitations set out in Gertz, supra, he argues that the courts of this state have applied the New York Times rule to private persons who are involved in an event of public or general concern, citing Francis v. Lake Charles American Press, 262 La. 875, 265 So.2d 206 (La.1972); and Wilson v. Capitol City Press, 315 So.2d 393 (La.App. 3rd Cir., 1975).
Defendant's argument is that in order for plaintiff to recover in this defamation suit she must satisfy the following four elements of proof:
1) Falsity of the statement;
2) Actual or implied malice;
3) Publication of the statement; and
4) Injury.
The trial judge made no finding (1) as to whether Mrs. Millet was a "public figure," or (2) as to whether defendant Johnson defamed her. Although he did not find it necessary to label Mrs. Millet as a "public figure," he commented in his reasons for judgment that the taking of evidence would be necessary before such a finding could be made. He concluded that under Louisiana jurisprudence the New York Times rule should be applied here even though plaintiff is a private individual, and that she thus must satisfy the four elements of proof above listed. His ultimate conclusion was that "the publication in question . . . does not in itself show actual or implied malice under present law, nor in my opinion could the plaintiff prevail in such an attempt during a trial on the merits," and that "under present law, the facts as set out by either party require a judgment in favor of Lloyd B. Johnson, both as an individual and as Sheriff of the Parish of St. John the Baptist." A summary judgment thus was rendered dismissing plaintiff's suit.
We like the trial judge, find it unnecessary to determine whether the plaintiff in this suit is a "public figure," or whether the New York Times rule should be applied. We differ with the trial judge, however, in his conclusion that a summary judgment can or should be rendered in this case. In our opinion, plaintiff's petition states a cause of action against defendant Johnson, whether she is or is not held to be a "public figure," and whether the New York Times rule is or is not applied. We find that there are several genuine issues of material fact. If plaintiff is able to establish the facts which she alleges, then we think that evidence would be sufficient to justify findings by the trier of fact which may satisfy the requirements of the New York Times rule.
According to the receivable evidence which is in the record there are genuine issues of fact as to (1) whether the statement in the financial report filed by defendant Johnson to the effect that Mrs. Millet was paid $3,000.00 for working ½ month is true; (2) whether defendant Johnson acted with actual or implied malice in including the above statement in his report; and (3) whether Johnson was responsible in any way for the publication of the above financial statement. The record does not contain a discussion of the injury which *1297 plaintiff may have sustained as a result of the alleged defamatory publication, but we assume that there is a genuine issue of fact as to that item.
If it should become necessary at the trial to show that plaintiff is a public figure, or that the publication of which she complains related to an event of public or general concern, then a genuine issue of fact exists at to those matters.
It is apparent, therefore, that genuine issues of fact exist as to all of the conceivable elements of proof required of the plaintiff. Under those circumstances we conclude that the trial judge erred in rendering a summary judgment dismissing plaintiff's suit.
Defendant argues, further, that the summary judgment procedure is an appropriate method of giving the constitutional protection of the First and Fourteenth Amendments in defamation cases. In support of that argument, he cites Washington Post Co. v. Keogh, 125 U.S.App.D.C. 32, 365 F.2d 965 (U.S.App.D.C., 1967); Cerrito v. Time, Inc., 302 F.Supp. 1071 (N.D.Cal., 1969); F. & J. Enterprises, Inc. v. Columbia Broadcasting Systems, Inc., 373 F.Supp. 292 (N.S.Ohio, 1974); Ragano v. Time, Inc., 302 F.Supp. 1005 (M.D.Fla., 1969); and United Medical Laboratories v. Columbia Broadcasting Systems, 404 F.2d 706, 713 (U.S. 9th Cir., 1969). He also points out that in Kidder v. Anderson, 354 So.2d 1306 (La., 1978) our Supreme Court indicated that summary judgment might have been a proper remedy in that case, although the case had been tried on its merits and the decision was rendered following such a trial.
We are aware of the jurisprudence which recognizes that the summary judgment procedure is particularly appropriate in some defamation cases. We note, however, that the Court of Appeal, First Circuit, affirmed the judgment of the trial court in rejecting a motion for summary judgment in such a case. See Batson v. Time, Inc., 298 So.2d 100 (La.App. 1st Cir., 1974). Also in Guam Federation of Teachers Local 1581 AFT v. Ysrael, 492 F.2d 438 (U.S. 9th Cir., 1974), a judgment was rendered by the trial court directing a verdict for defendant in this type of suit, and that judgment was reversed on appeal. The appellate court compared the motion for directed verdict to a motion for a summary judgment, and concluded that such a judgment was unwarranted in that instance. And, in Carson v. Allied News Co., 529 F.2d 206 (U.S. 7th Cir., 1976), a summary judgment dismissing a libel-suit filed by "public figures" was reversed and the case was remanded.
In the instant suit plaintiff has alleged a cause of action, and there exist some genuine issues of material facts. The evidence in the record is conflicting, and we cannot make a determination of the true facts from that evidence. Under those circumstances we feel that it was error to render a summary judgment dismissing the suit.
The judgment appealed from is reversed, and judgment is hereby rendered rejecting the demand of defendant Johnson for a summary judgment. The case is remanded to the trial court for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to defendant Lloyd B. Johnson.
REVERSED AND RENDERED, REMANDED.