453 So.2d 1252 (1984)
CDT, INC., Plaintiff-Appellee,
v.
GREENER & SUMNER ARCHITECTS, INC., d/b/a Centre Property Management, Defendants-Appellants.
No. 83-747.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
*1253 George Scariano, Metairie, David L. Colvin, Gretna, for defendants-appellants.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Mark L. Riley and Virgil Elbert Wilson, Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, FORET and STOKER, JJ.
DOMENGEAUX, Judge.
This action arises out of a May 5, 1981, contract between the defendant and Cecil Trahan. After suit was filed, the trial court granted plaintiff's motion for summary judgment. From this adverse judgment defendant has perfected this appeal.
The suit was initially filed by CDT, Inc. against Greener & Sumner Architects, Inc. d/b/a Centre Property Management, alleging that defendant was indebted to the plaintiff on a contract which the parties had entered into on May 5, 1981. The contract in question provided for the plaintiff to obtain tenants for a building which the defendant managed. In return for plaintiff's services he was to receive commissions calculated as a percentage of the rent received from the tenants. This contract was attached to the petition clearly showing that the contract was between the defendant and Cecil Trahan, the individual, not CDT, Inc., the corporation.
After the petition was filed and served upon the defendant, interrogatories and requests for admissions were filed and served upon Centre Property Management. In its original answers the defendant admitted to the existence of the agreement. It also admitted that the document attached to plaintiff's petition was in fact the contract entered into by the parties. Defendant further admitted that monies were owed under the contract and that Hover Kadane, the person who had signed the contract on behalf of Centre Property Management, was a general partner of that firm and that he was authorized to bind the firm. Finally, defendant indicated that its only defense was that it was entitled to an offset by virtue of another lawsuit it had filed against Cecil Trahan.
Thus, appellant admitted in pleadings filed in this suit the existence of a contract between the parties, compliance with the contract by the plaintiff, and nonperformance *1254 of defendant's obligations under the contract.
Before trial, plaintiff filed a motion for summary judgment based on defendant's answers to interrogatories. Defendant filed no memorandum in opposition to the motion for summary judgment but on the morning of the hearing on the motion it filed an exception of no right or cause of action based upon the ground that Cecil Trahan was not at that time a party to the lawsuit and that the petition had not alleged a contractual relationship between CDT, Inc. and Cecil Trahan.
At the April 4th hearing, defendant's counsel argued that CDT, Inc. was not the proper party plaintiff. Taking a contra position plaintiff argued that defendant had judicially confessed the proper plaintiff and that he could now not be heard to complain that CDT, Inc. was not the proper party. On April 6th defendant filed amended answers to interrogatories and amended answers to the request for admission in which it denied the existence of a contract with CDT, Inc.
The Court began proceedings on April 8th by denying plaintiff's motion for summary judgment on the grounds that the pleadings left in doubt the capacity in which the lawsuit was brought. The Court then suggested to plaintiff that if he chose to amend his pleadings the lawsuit could continue. Thereafter plaintiff requested permission to orally amend his petition to allege Mr. Trahan as the proper plaintiff. The Court entertained the motion and asked the defendant if he had any objections. Defendant's reply was: "Your Honor, my only defense is the subject which we already addressed; namely, the offset." No continuance was requested. The trial court then granted the motion to amend the pleadings and allow plaintiff to reurge the motion for summary judgment. As a result thereof the motion for summary judgment was granted in plaintiff's favor. From that judgment defendant has perfected this appeal alleging the trial court committed the following errors:
(1) in allowing the plaintiff to orally amend his pleading at trial on the merits; (2) when it did not give defendants' counsel adequate time to file an answer and to present defenses to the plaintiff's orally amended pleadings; (3) in granting the Motion for Summary Judgment as there were material issues of fact in dispute and plaintiff was not entitled to a judgment as a matter of law; and (4) the judgment is contrary to the laws of Louisiana and it exceeds the trial court's authority when it issued the judgment ordering the defendants to specifically perform the contract by paying money.

AMENDMENT OF THE PETITION AND DEFENSES THERETO
The law is clear that the trial court has much discretion under La.C.C.P. Arts. 1151 and 1154 to allow a party to amend his pleadings. Further, the Court of Appeal will not disturb the orderly process of the trial court in this regard unless there exists an abuse of discretion. White v. Cumis Ins. Soc., 415 So.2d 574 (La.App. 3rd Cir.1982), writ denied, 420 So.2d 164 (La.1982); Independent, Inc. v. Watson, 394 So.2d 710 (La.App. 3rd Cir.1981).
We find the case of Aetna Casualty & Surety Company v. Braud, 327 So.2d 183 (La.App. 4th Cir.1976) to present an analogous situation and to be a proper statement of the law. In that case the plaintiff erroneously pleaded the facts of the accident which was the subject of the lawsuit. At the trial the Court pointed out the discrepancy in the pleadings and plaintiff asked leave of Court to orally amend the petition. Defendant objected to this on the basis of prejudice and asked fifteen days to meet the oral amendment. The trial court overruled the objection, allowed the amendment, and the case continued.
In affirming the trial court, the Court of Appeal pointed out:
(1) Defendant and his counsel actually knew plaintiff's true contention; (2) The interrogatories in the record clearly set forth the facts; and (3) The parties' trial briefs clearly showed that neither party *1255 labored under any misapprehension. Thus, the Court of Appeal held that the record failed to establish that defendant had been prevented from filing special defenses, either at trial or at the time of the amendment, nor was it established that the defendant was prejudiced by the oral amendment.
We hold that here, as in the Braud case, the defendant has failed to show that he was prejudiced or prevented from filing any defenses by the oral amendment of the pleadings. Additionally in the Braud case a request was made for a continuance. Here no such request was made. The defendant's answer, arguments, and answers to interrogatories clearly show that defendant at no time labored under any misapprehension as to who the proper party was. It was thus in no way prejudiced and the trial court did not abuse its broad discretion in allowing the amendment.

SUMMARY JUDGMENT
Under La.C.C.P. Art. 966 summary judgment should be granted "forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law."
It is well settled that the summary judgment remedy is not a substitute for trial and is warranted only when reasonable minds must inevitably conclude from the facts before the Court that the mover is entitled to the judgment as a matter of law. Rennier v. Johnson, 410 So.2d 1149 (La.App. 3rd Cir.1981), writ denied, 412 So.2d 1115 (La.1982); Millet v. Johnson, 381 So.2d 1293 (La.App. 4th Cir.1980), writ denied, 383 So.2d 788 (La.1980).
In the case at bar the existence of the agreement as well as liability has been admitted. The defendant itself has stated that its only defense is set off by virtue of another lawsuit which Centre Property Management has pending against the plaintiff. That suit is not presently before us and although we are not fully advised of the facts and circumstances involved therein, there is evidence in the record that Cecil Trahan denies liability in that case. Thus the issue of set off or compensation is not available here. In order for compensation or set off to occur the two debts must exist simultaneously and have as their object the payment of "a sum of money or a certain quantity of consumable things of one and the same kind and the debts must be equally liquidated and demandable. La.C.C. Art. 2209 (emphasis added); Hamilton v. Hamilton, 421 So.2d 291 (La.App. 1st Cir. 1982). Here the debt defendant owes to plaintiff has been admitted; however, the plaintiff denies liability as to the alleged debt claimed by defendant. These two obligations are clearly not "equally liquidated and demandable."

SPECIFIC PERFORMANCE OF THE CONTRACT
The trial court's judgment orders defendant to pay to plaintiff $42,711.32, the amount past due, plus legal interest and costs. The judgment further orders the defendant to pay "the commissions due Cecil Trahan as they become due and owing under the terms of said contract."
The latter part of the judgment is an injunction enjoining the defendant from breaching the contract in the future by failing to make payments. Although it may be argued that J. Weingarten, Inc. v. Northgate Mall, 404 So.2d 896 (La.1981), obscured the jurisprudence, an injunction should issue only when the party seeking same is threatened with irreparable loss or injury without an adequate remedy at law. La.C.C.P. Art. 3601. In the case at issue there has been no showing of irreparable injury nor can we envision the circumstances under which a situation involving these contractual provisions would constitute such; nor has plaintiff shown that he is without adequate remedy at law. Although we do not now address the validity of plaintiff's entitlement to future commissions under the contract, we opine that such a claim is premature, and that he is *1256 not entitled to any award for future commissions in this suit. In the context of this suit, and as a general proposition, injunctions which order the payment of monies in futura are rarely if ever justified. Kenner v. Slidell Savings & Homestead Association, 170 La. 547, 128 So. 475 (1930); McGaw v. O'Beirne, 126 La. 584, 52 So. 775 (La.1910).
For the above and foregoing reasons the judgment of the district court is reversed insofar as it orders the defendant to "pay the commissions due Cecil Trahan as they become due and owing under the terms of the said contract," and insofar as it assesses costs. In all other respects the judgment is affirmed.
All costs, both at trial and on appeal are assessed three-fourths against the defendant and one-fourth against the plaintiff.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.