644 So.2d 846 (1994)
Lera MUSCARELLO, et al.
v.
Martin AYO, et al.
No. 93 CA 2081.
Court of Appeal of Louisiana, First Circuit.
October 7, 1994.
*847 Charles W. Rea, Baton Rouge, for plaintiffs-appellees Lera Muscarello, et al.
Caleb H. Didriksen, New Orleans, for defendants-appellants Martin Ayo, et al.
Before EDWARDS, LeBLANC and PITCHER, JJ.
PITCHER, Judge.
Plaintiffs, Lera Muscarello (Mrs. Muscarello) and her insurer, American Employers Insurance Company (American), filed suit against defendants, Martin Ayo (Ayo) and his employer, Louisiana Power and Light Company (LP & L), for damages arising out of an automobile accident. The trial court, after a bench trial, found Mrs. Muscarello to be 30% at fault and Ayo and LP & L to be 70% at fault and entered judgment in favor of plaintiffs for the sum of $3,117.14. From this judgment, Ayo and LP & L have appealed. We affirm in part and reverse in part.

FACTS
On December 15, 1990, at about 7:30 a.m., Mrs. Muscarello was operating her vehicle in a southerly direction on Louisiana Highway 443 in Tangipahoa Parish when she collided with the rear of an LP & L truck that had stopped in the middle of the southbound lane of traffic. Ayo, the driver of the LP & L truck, had stopped the truck in order to energize the power lines.
Mrs. Muscarello testified that the weather conditions on that morning were extremely bad, with heavy dense fog and a wet road surface from rain the night before. Mrs. Muscarello testified that it was one of the worst mornings that she had ever seen. Mrs. Muscarello stated that the fog came in sheets, and as she came out of one of the sheets of fog, she saw the LP & L truck in her lane of travel. Mrs. Muscarello stated that she slammed on her brakes and slid into the back of the truck. Mrs. Muscarello testified that she could not avoid the collision by moving into the other lane because of an oncoming vehicle in that lane. Mrs. Muscarello also testified that there were no flares or other warning devices which would have put her on notice that the vehicle was stopped in the roadway.
Ayo testified that on the morning of the accident, he could only see between twenty or thirty feet in front of him. Ayo stated that the road surface was wet and visibility was very low. Ayo testified that he stopped behind another LP & L truck and pulled over on the shoulder as far as possible. Ayo also testified that he turned on his blinkers, strobe light, and emergency strobe light. However, before Ayo could get out the truck and put up the "men working" signs and *848 cones, he heard skidding and then, the truck was hit from the rear. Ayo stated he had been stopped for approximately 15 seconds before the accident occurred.
Trooper Daniel Didon, the investigating officer, testified that Ayo told him at the accident scene that he had been stopped about 45 seconds prior to the accident. Trooper Didon also testified that based upon the skid marks, he estimated Mrs. Muscarello's speed at the time of the accident to be 50 miles per hour.
Mrs. Muscarello and American filed suit against Ayo and LP & L seeking to recover, on behalf of Mrs. Muscarello, her $100.00 deductible with legal interest thereon, and on behalf of American, its subrogation claim for payment to Mrs. Muscarello under her collision policy. At trial, counsel for Mrs. Muscarello and American introduced a "Sworn Statement in Proof of Loss" document signed by Mrs. Muscarello's deceased husband, Tommy Muscarello, and Commercial Union Insurance Company (CU). This document purportedly evidenced payment by CU to Mr. Muscarello for the property damages sustained in the accident. In addition, the document contained a clause which showed CU's right of subrogation for payment to Mr. Muscarello. Ayo and LP & L objected to the introduction of this document, contending that it was irrelevant because CU was not a party to the lawsuit. The trial court overruled the objection.
At the close of plaintiffs' case in chief, Ayo and LP & L moved for an involuntary dismissal on the basis that American did not prove any right to recover on its subrogation claim. The trial court denied the motion, but ordered that the pleadings be amended in accordance with LSA-C.C.P. art. 1154. On May 11, 1993, an amended petition was filed into the record which eliminated American as a party plaintiff and recognized CU's right of subrogation for payments made under the policy to the Muscarellos.
The trial court found both parties negligent and assessed 70% of the fault to Ayo and LP & L and 30% to Mrs. Muscarello. Damages were fixed at $4,453.06, with a final judgment being rendered in favor of Lera Muscarello and CU in the amount of $3,117.14.
Defendants appealed from this judgment and have set forth the following assignments of error for our review:
1. Whether the claims on behalf of Commercial Union prescribed before trial and the attempted amendment.
2. Whether the trial court erred in holding that Lera Muscarello was entitled to recover.
3. Whether the trial court erred in failing to grant defendants' motion for involuntary dismissal, where plaintiff failed to prove any right to recovery on the part of American Employers Insurance Company.
4. Whether the trial court erred in permitting plaintiff to amend the pleadings to conform to the evidence by naming a different insurance company as a party plaintiff, where there was no evidence of any relationship to the originally named plaintiff.
5. Whether the trial court erred in failing to hold that negligence of Lera Muscarello was the sole cause of the accident.
6. Whether the trial court erred in assessing only 30% of the fault to Lera Muscarello.
Because we view Assignment of Error Number Four as the major issue of those presented in this appeal, we will address it first.

ASSIGNMENT OF ERROR NUMBER FOUR
In assignment of error number four, the defendants contend that the trial court erred in permitting Mrs. Muscarello to amend the pleadings to conform with evidence introduced at trial. Ayo and LP & L argue that there was no evidence introduced to show a relationship between CU and American, therefore, the amendment should not relate back to the original petition. On the other hand, Mrs. Muscarello and American argue that the amendment relates back to the original petition since it simply corrected the name of a party plaintiff.
LSA-C.C.P. art. 1154 provides, in pertinent part:

*849 ... If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.
The trial judge has great discretion to admit or to disallow evidence subject to an objection based upon the scope of the issues and pleadings and to determine whether evidence is encompassed by the general issues raised in the pleadings. Herrell v. Herrell, 594 So.2d 943, 946 (La.App. 3rd Cir.1992); Coleman v. Coleman, 541 So.2d 1003, 1006 (La.App. 3rd Cir.1989). It is well settled that the trial court has much discretion under LSA-C.C.P. arts. 1151 and 1154 to allow a party to amend his pleadings. CDT, Inc. v. Greener & Sumner Architects, Inc., 453 So.2d 1252, 1254 (La.App. 3rd Cir. 1984). Further, the Court of Appeal will not disturb the orderly process of the trial court in this regard unless there exists an abuse of discretion. CDT, Inc. v. Greener & Sumner Architects, Inc., 453 So.2d at 1254; White v. Cumis Insurance Society, 415 So.2d 574, 578 (La.App. 3rd Cir.), writ denied, 420 So.2d 164 (La.1982); Independent, Inc. v. Watson, 394 So.2d 710, 711 (La.App. 3rd Cir.1981).
In the present case, the trial judge permitted plaintiffs to introduce a "Sworn Statement in Proof of Loss" document to establish American's subrogation claim. Although the document showed a subrogation claim for CU, the document was directly related to the subrogation cause of action alleged in plaintiffs' petition.
In addition, the trial judge permitted the plaintiff to amend the petition to conform with this evidence introduced at the trial. This court does not find that the action of the trial judge, in allowing the amendment of the petition to conform with this evidence, was an abuse of discretion. Since defense counsel was well aware of the subrogation claim before trial, the amendment was in no way prejudicial to the defense of this action.
However, the amended petition eliminated American as a party plaintiff and added in a paragraph which acknowledged payment under the collision policy by CU, and its right of subrogation and interest in the judgment rendered. The amended petition does not specifically name CU as a party plaintiff. Consequently, the issue of whether the amendment relates back to the original petition is not an issue before the court.
Because the amended petition has Mrs. Muscarello as the only party plaintiff, the question becomes whether Mrs. Muscarello may recover the entire cost of repairs to her insured automobile, as well as the medical expenses from the defendant, when a portion of the cost has been paid by CU. LSA-C.C.P. art. 697 provides that:
An incorporeal right to which a person has been subrogated, either conventionally or by effect of law, shall be enforced judicially by:
(1) The subrogor and the subrogee, when the subrogation is partial; or
(2) The subrogee, when the entire right is subrogated.
According to LSA-C.C.P. art. 697, comment c, failure to comply with the above procedure produces different results. If an insured has totally subrogated his rights, the insured/subrogor has no right of action, and the court cannot adjudicate in the absence of the indispensable party plaintiff, the subrogee. However, if the insured only partially subrogated his rights, if the subrogor or subrogee file suit, there is a procedural problem of nonjoinder of a necessary party. If the defendant fails to object to the procedural problem in the case of partial subrogation, the objection is waived and the court may make an adjudication.
There is no question that a subrogation occurred in this case. Mrs. Muscarello's uncontradicted testimony was that she was paid $4,297.06 for her property damage and wrecker bill, less the $100.00 deductible, on her collision policy. The "Sworn Statement in Proof of Loss" document introduced into evidence corroborates Mrs. Muscarello's testimony. *850 Thus, a partial subrogation existed between Mrs. Muscarello and CU.
This court has held that where a claim is partially subrogated, the subrogee must authorize the subrogor to judicially enforce the subrogated claim. See Murray v. Sapp, 573 So.2d 495 (La.App. 1st Cir.1990); Carl Heck Engineers, Inc. v. Daigle, 219 So.2d 294 (La. App. 1st Cir.), writ denied, 253 La. 1082, 221 So.2d 517 (1969). This court does not find any evidence that CU attempted to judicially enforce its claim against the defendants other than the unsupported claims by counsel of a subsidiary relationship between CU and American. The record does not reveal that CU granted Mrs. Muscarello the right to act as its agent in pursuing the claim. Therefore, the trial court erred in permitting Mrs. Muscarello to collect on behalf of CU, whose subrogation claim was only acknowledged in the amended petition.
The trial court erred in permitting Mrs. Muscarello to recover the property damages when no evidence was presented to show an agency relationship between Mrs. Muscarello and CU. The trial court could only award Mrs. Muscarello's claim for the $100 deductible. The judgment awarding Mrs. Muscarello the sum of $3.117.14 is reversed.

ASSIGNMENTS OF ERROR NUMBERS ONE, TWO, AND THREE
Because of our holding in Assignment of Error Number Four, a discussion of the issues presented in Assignments of Error Numbers One, Two, and Three is unnecessary.

ASSIGNMENTS OF ERROR NUMBERS FIVE AND SIX
In Assignments of Error Numbers Five and Six, the defendants contend that the trial court failed in not finding Mrs. Muscarello's negligence was the sole cause of the accident, and then failed in only assessing her fault at 30%. The defendants argue that Mrs. Muscarello is negligent based on two theories: (1) a following motorist is presumed to be negligent if she collides with the rear of a leading vehicle; (2) a person must drive at a speed that is reasonable and prudent under the prevailing weather conditions.
The Louisiana Supreme Court developed a two-part test for reviewing factual issues on appeal in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). According to the test, appellate courts may not disturb a trier of fact's factual findings if:
1) The appellate court ... finds[s] from the record that there is a reasonable factual basis for the finding of the trial court, and
2) The appellate court ... determine[s] that the record establishes that the finding is not clearly wrong (manifestly erroneous).
Mart v. Hill, 505 So.2d 1120, 1127 (La.1987); Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
When conflicting evidence creates two permissible views of the evidence and the trier of fact's choice between the views is reasonable in light of the entire record, an appellate court may not reverse merely because it would have chosen the alternative view. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Lirette v. State Farm Insurance Company, 563 So.2d 850, 855 (La.1990); Stobart v. State, Through Department of Transportation and Development, 617 So.2d at 883.
After a thorough review of the record, we cannot say that the trial court was manifestly erroneous in its apportionment of fault in this case.
Thus, these assignments of error lack merit.

CONCLUSION
For the reasons set forth above, the award of damages in the amount of $3,117.14 is reduced to $100.00, together with legal interest thereon from the date of judicial demand until paid, less a reduction of 30% for comparative negligence of Mrs. Muscarello. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiffs, Lera Muscarello and American Employers Insurance Company.
*851 AFFIRMED IN PART, REVERSED IN PART.