GUIDRY, J.
 

 | ¿Appellant, Marlyn Elbert, appeals the judgment of the family court dismissing with prejudice her request for final periodic spousal support. For the reasons that follow, we reverse and remand.
 

 FACTS AND PROCEDURAL HISTORY
 

 Marlyn and Harold Elbert were married on April 12, 1976. Mrs. Elbert filed a petition for divorce on April 16, 2007, stating that she and her husband were currently residing together, but that they planned to physically separate on April 7, 2007. Additionally, Mrs. Elbert stated that she is without sufficient means to provide for herself and requested that Mr. Elbert be ordered to pay her interim spousal support.
 

 On May 16, 2007, Mr. Elbert filed an answer and reconventional demand. In his answer, Mr. Elbert denied Mrs. Elbert’s allegations regarding her need for spousal support and further answered that she has sufficient income and assets to support herself. In addition, Mr. Elbert denied Mrs. Elbert’s statement that the parties were residing together but planned to separate on April 7, 2007, and further answered that Mrs. Elbert had instead voluntarily abandoned the matrimonial domicile on that date.
 

 Thereafter, Mrs. Elbert filed a rule to show cause on October 18, 2007, in which she stated that her original petition for divorce contained no request for final periodic spousal support and requested that final periodic spousal support be awarded to her in an amount equal to or exceeding the amount of interim periodic spousal support she was then receiving. On October 23, 2007, Mr. Elbert filed a rule to show cause requesting that an absolute divorce be rendered in his favor. A judg
 
 *238
 
 ment of divorce was granted on November 14, 2007. On November 15, 2007, Mr. Elbert filed an opposition to Mrs. Elbert’s rule to show cause, denying Mrs. Elbert’s allegations regarding her request for final periodic spousal support.
 

 |3A hearing on the sole issue of whether Mrs. Elbert was entitled to final periodic spousal support was held on June 23, 2008. Mr. Elbert was called as the first witness by Mrs. Elbert and was questioned concerning his allegation that Mrs. Elbert was at fault in the breakup of the marriage. Mr. Elbert objected to this line of questioning, since he believed that Mrs. Elbert was attempting to enlarge the scope of the pleadings on the issue of fault. Specifically, Mr. Elbert objected on the basis that Mrs. Elbert never alleged freedom from fault in her pleadings, nor did she file an answer in response to his reconventional demand to deny his allegation that she was at fault in the breakup of the marriage as a result of her abandonment. The court sustained Mr. Elbert’s objection. The court then informed Mr. Elbert that it would have to dismiss the matter if he requested such action, because Mrs. Elbert’s case had a “fatal problem” due to her failure to allege freedom from fault. Consequently, Mr. Elbert moved for a dismissal with prejudice, which the court granted.
 

 On June 27, 2008, the family court signed a judgment dismissing Mrs. Elbert’s claim for final periodic spousal support with prejudice. Mrs. Elbert now appeals from this judgment.
 

 DISCUSSION
 

 In sustaining Mr. Elbert’s objection, the court relied on Louisiana Code of Civil Procedure article 1154, which provides, in pertinent part:
 

 [i]f evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.
 

 The trial judge has great discretion to admit or disallow evidence subject to an objection based upon the scope of the issues and pleadings and to determine 1¿whether evidence is encompassed by the general issues raised in the pleadings.
 
 Muscarello v. Ayo,
 
 93-2081, pp. 4-5 (La.App. 1st Cir.10/7/94), 644 So.2d 846, 849. A court of appeal will not disturb a trial court’s determination in this regard absent an abuse of the trial court’s discretion.
 
 See Denton v. Vidrine,
 
 06-0141, p. 13 (La.App. 1st Cir.12/28/06), 951 So.2d 274, 285,
 
 writ denied,
 
 07-0172 (La.5/18/07), 957 So.2d 152.
 

 In the instant case, Mrs. Elbert requested that she be awarded final periodic spousal support by filing a rule to show cause. A rule to show cause is a contradictory motion used to commence a summary proceeding, which is appropriate for the determination of entitlement to spousal support.
 
 See
 
 La. C.C.P. arts. 963, 2591, 2592, 2593. A rule to show cause shall state the grounds therefore and the relief sought and shall comply with La. C.C.P. arts. 853, 854,
 
 [1]
 
 863,
 
 [2]
 
 and whenever applica
 
 *239
 
 ble, with articles 855 through 861.
 
 [3]
 
 La. C.C.P. art. 962.
 

 In her rule to show cause, Mrs. Elbert stated that she filed for divorce on April 16, 2007, wherein she requested and was awarded interim periodic spousal support, and now requested final periodic spousal support in an amount equal to or exceeding the amount of interim periodic spousal support that she was then receiving. Louisiana Civil Code article 111 provides that in a proceeding for divofce or thereafter, the court may award final periodic support to a party who is in need of support and who is free from fault prior to the filing of a proceeding to|5terminate the marriage. Further, La. C.C. art. 112 provides that when a spouse is free from fault and in need of support, based on the needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic support. Accordingly, freedom from fault is a necessary element of a claim for final periodic spousal support, and the burden of proving freedom from fault is on the claimant.
 
 See Almon v. Almon,
 
 97-2004, p. 5 (La.App. 1st Cir.9/25/98), 718 So.2d 1073, 1077.
 

 Because no technical forms of pleading are required, and there is no special pleading requirement with regard to pleading entitlement to spousal support, the trial court abused its discretion in finding that evidence as to the issue of Mrs. Elbert’s freedom from fault was not encompassed within her claim for final periodic spousal support.
 
 See
 
 La. C.C.P. arts. 854-861. Further, Mrs. Elbert’s fault, entitlement to final periodic spousal support, and Mr. Elbert’s ability to pay were listed as contested issues for the hearing on both parties’ pre-trial inserts. As such, fault was clearly an issue to be decided at the hearing and there was no surprise to Mr. Elbert such that he would be prejudiced in his defense of this issue.
 
 See Muscarello,
 
 93-2081 at p. 4, 644 So.2d at 848.
 
 [4]
 
 Consequently, the court abused its discretion in failing to allow Mrs. Elbert to present evidence on the issue of fault and in dismissing her claim for final periodic spousal support with prejudice.
 

 CONCLUSION
 

 For the foregoing reasons, we reverse the judgment of the family court and remand this matter for further proceedings consistent with the reasons expressed |fiherein. All costs of this appeal are to be borne by the appellee, Harold Elbert.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . Louisiana Code of Civil Procedure article 854 provides:
 

 No technical forms of pleading are required.
 

 
 *239
 
 All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs. As far as practicable, the contents of each paragraph shall be limited to a single set of circumstances.
 

 [2]
 

 . Louisiana Code of Civil Procedure article 853 relates to the caption of the pleading and adoption by reference, while article 863 relates to the signing of the pleadings.
 

 [3]
 

 . Louisiana Code of Civil Procedure articles 855-861 relate to pleading the following special matters: capacity; fraud, mistake, or condition of the mind; suspensive conditions; official documents or acts; judgments or decisions; time and place; and special damages.
 

 [4]
 

 .Though Mr. Elbert did not know exactly how Mrs. Elbert would prove her freedom from fault or refute his allegation of abandonment, fault is an issue Mr. Elbert knew Mrs. Elbert would have to establish to prevail on her claim for final periodic spousal support, and he could have sought more particular details through the discovery process.