342 So.2d 1181 (1977)
Miss Pamela E. COMEAUX
v.
Pattye E. BARKSDALE et al.
No. 11110.
Court of Appeal of Louisiana, First Circuit.
February 14, 1977.
*1182 James H. DuPont, Plaquemine, of counsel, for plaintiff-appellant.
James E. Moore, Baton Rouge, of counsel, for defendants-appellees.
Before LANDRY, COLE and CLAIBORNE, JJ.
COLE, Judge.
This suit arises out of an automobile accident which occurred on March 30, 1973, in Baton Rouge, Louisiana, wherein the automobile driven by the plaintiff, Pamela E. Comeaux, was struck from the rear by an automobile driven by Pattye E. Barksdale, the insured of Fireman's Fund American Insurance Company. Named as defendants in plaintiff's petition are Ms. Barksdale, Fireman's Fund and Barksdale Brothers Corporation. While plaintiff's petition does not indicate the basis of liability on the part of Barksdale Brothers Corporation, all of the named defendants admitted liability at the commencement of trial.
The only question before this Court, as before the trial court, is the amount of damages to be awarded Miss Comeaux for the injuries she received in the accident. The question of the amount of the award is made difficult because of a more serious prior accident in which the plaintiff sustained personal injuries and incurred medical expenses.
The plaintiff was involved in a serious accident on December 6, 1971, at which time she sustained various injuries and was treated by several doctors. As a result of that accident and the injuries caused by that accident, she was depressed and afraid to drive a car. Consequently, on the advice of her family and attorney, she began seeing Dr. F. A. Silva, a psychiatrist, in an attempt to alleviate her problems. On March 30, 1973, the plaintiff had driven from her home in Donaldsonville to Dr. Silva's office in Baton Rouge alone for the first time since her 1971 accident. On her return trip home, she was stopped at a light on Florida Boulevard when her vehicle was hit from the rear by Ms. Barksdale. The next day plaintiff developed some soreness and stiffness in her neck and lower back and consulted her family physician, Dr. Jon A. Savoie, who treated the plaintiff for these complaints. He later referred her to Dr. Charles A. Strange, an orthopedist, who also treated her. After the second accident, the plaintiff continued to see Dr. Silva for the same emotional problems that previously existed.
The trial court rendered judgment in favor of the plaintiff and against all of the defendants for $3,243.13. According to the reasons of the trial court, the award represented $243.13 in special damages and $3,000.00 in general damages for pain and suffering. The plaintiff appeals the judgment, seeking increases in these amounts.
The defendants contend that the record demonstrates some of the damages claimed by the plaintiff were a result of the first accident and were not shown to be causally related to the second accident.
In situations involving multiple accidents, whether preceding or subsequent to the accident at issue, it is well settled that a tortfeasor is liable only for the direct and proximate results of his wrongful act. Stevens v. Gulf American Fire and Casualty Company, 317 So.2d 199 (La.App. 1st Cir. 1975); Baughman v. Aetna Casualty and Surety Company, 302 So.2d 312 (La.App. 1st Cir. 1974); McGuire v. Oliver, 227 So.2d 149 (La.App. 2nd Cir. 1969).
In such instances, the tortfeasor is not only liable in damages for the injuries caused by his wrongful act, but also for the *1183 aggravation of any pre-existing physical defects or injuries. Baughman v. Aetna Casualty and Surety Company, supra; Williams v. Reinhart, 155 So.2d 51 (La.App. 1st Cir. 1963); Rachal v. Bankers and Shippers Insurance Company, 146 So.2d 426 (La.App. 3rd Cir. 1962).
The burden of proving the causal connection between the damages claimed and the accident by a reasonable preponderance of the evidence rests upon the plaintiff. Stevens v. Gulf American Fire and Casualty Company, supra.
Although the trial judge did not itemize the special damages, after careful review of the record we find that the $243.13 awarded by him is correct. Only this amount was proven by plaintiff to be related to the second accident. It adequately compensates the plaintiff for special damages arising out of the second accident.
The amount awarded in special damages includes the charges and drug prescriptions of Dr. Savoie from the date of the second accident until April 16, 1973, when he referred the plaintiff to Dr. Strange for further treatment of the neck problem. These charges total $47.00 in doctor's bills and $3.62 in drugs. Also included in special damages relating to the second accident are charges of Dr. Strange totaling $140.00; charges for a neck brace and drugs prescribed by Dr. Strange totaling $27.51; and a charge of $25.00 for x-rays from Prevost Hospital. These various amounts which we find to be causally related to the second accident total $243.13 and exactly coincide with the amount awarded by the trial judge.
Plaintiff contends that she is entitled to lost wages for various days of work missed from the date of the second accident until July 22, 1973, which she alleges were caused by injuries from the second accident. Plaintiff testified that she was forced to miss work because of pain from the neck injury she sustained in the second accident and because of discomfort from the neck brace she had to wear. However, in the plaintiff's deposition taken on July 24, 1973, in relation to the first accident and after the missed days of work claimed in this suit, plaintiff stated that all of the days of work missed by her in 1973 were caused by doctor's appointments, dentist's appointments, or headaches resulting from injuries received in the first accident. Thus, plaintiff has failed to prove that the lost wages were a result of injuries received in the second accident and not a result of injuries from the prior accident.
Plaintiff seeks to recover the amount due to Dr. Silva for treatment subsequent to the second accident and for drugs prescribed by him during this time. However, plaintiff was seeing Dr. Silva and was receiving medication prescribed by him prior to the second accident and has failed to establish that any amounts due Dr. Silva or expended for drugs were related to the second accident. While the plaintiff is entitled to recover damages for the aggravation of existing defects, the testimony of Dr. Silva as to whether the second accident aggravated an existing defect was equivocal. Therefore, we find that the trial judge did not abuse his discretion in finding that these amounts claimed were unrelated to the second accident.
Plaintiff further contends that the general damages for pain and suffering of $3,000.00 were inadequate to compensate her for the neck and back strain and for the aggravation of her depressed mental condition.
Dr. Strange testified that the plaintiff received flexion-extension injuries in the neck and lower back. In the cervical area the plaintiff had some limitation of motion and pain. Dr. Strange characterized the neck injury as "moderate to moderately severe." However, there were no neurological deficits and the x-rays failed to show any fracture or dislocation in the cervical region. In the lower back the plaintiff had full range of motion. The back injury was characterized as "mild." Dr. Strange prescribed various muscle relaxants and analgesics, as well as a neck brace which the *1184 plaintiff wore for approximately two or three months. Dr. Strange testified that by September of 1973 the plaintiff was completely recovered from her injuries.
Even assuming that the second accident aggravated the plaintiff's depressed mental condition, we find that $3,000.00 is well within the discretion accorded the trial judge. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
For the foregoing reasons, the judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.