351 So.2d 850 (1977)
Leon WHATLEY, Plaintiff-Appellant,
v.
RED BALL MOTOR FREIGHT, INC., Defendant-Appellee.
No. 13351.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1977.
*851 Richie & Kernaghan by Edward O. Kernaghan, Shreveport, for plaintiff-appellant.
Bodenheimer, Jones, Klotz & Simmons by G. M. Bodenheimer, Jr., Shreveport, for defendant-appellee.
Before BOLIN, HALL and JONES, JJ.
BOLIN, Judge.
Plaintiff appeals as inadequate the judgment awarded him for personal injuries and property damage incurred as the result of a rear end collision between his pickup truck and defendant's van. Contesting the trial court finding of liability as well as the excessive amount of its award, defendant answers the appeal. We affirm.
The issues are factual: (1) Did the accident happen as related by the plaintiff? (2) If so, was the amount awarded for plaintiff's injuries supported by the evidence?
In a well-reasoned opinion the trial court determined defendant's bobtail van struck the rear of plaintiff's stopped pickup and pushed it forward approximately five feet. Both vehicles were waiting to enter a heavily traveled city street from an industrial alley when the collision occurred. In making its finding the trial court accepted plaintiff's version of the cause of the accident. Defendant's witnesses testified plaintiff's truck rolled back into the van. Since there is a reasonable factual basis for the trial court's finding, we will not disturb it on review. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
*852 In fixing the amount of damages to be awarded plaintiff for his injuries, the trial court relied on the testimony of plaintiff's orthopedic surgeon. This medical expert diagnosed an acute mild to moderate sprain of the lower back, superimposed on a degenerative disc disease. His opinion was that the back sprain received in this accident had residual effects for twelve to sixteen weeks after the accident, but no influence on plaintiff's subsequent condition of disability requiring disc surgery.
The uncontradicted testimony of plaintiff's doctor, the admitted fact of plaintiff's involvement in a more serious rear end collision three months previously, and the minor nature of this second accident indicate the trial court was well within its discretion in awarding plaintiff $3,788.76 for personal injuries and damage to his vehicle. Louisiana Civil Code Article 1934(3); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Plaintiff argues the trial court, by not granting him a more substantial award, has ignored the legal principle that the tortfeasor takes his victim as he finds him. However, a tortfeasor is liable only for the direct and proximate results of his wrongful act. Plaintiff has failed to prove either a causal connection between the accident in question and his subsequent back problems, or an aggravation of a pre-existing condition by this accident. See Comeaux v. Barksdale, 342 So.2d 1181 (La.App. 1st Cir., 1977) and cases cited therein.
The judgment is affirmed at appellant's cost.