CUTRER, Judge.
This is a tort action arising out of an intersectional collision in which Dwynell “Dee” Hale seeks to recover damages for injuries he allegedly sustained. The issue presented on appeal is whether the trial judge committed manifest error in his award of damages.
Plaintiff was operating a pickup truck on a favored highway in December of 1974 when another truck driven by Mrs. Malcolm Champagne entered the highway from his right at an intersection. The front of plaintiff’s vehicle collided with the side of the Champagne vehicle. Plaintiff alleges that as a result of the accident he lost one tooth and had another loosened which later fell out.
Shortly after the accident, plaintiff filed this suit in which the court below found *56 Mrs. Champagne to be negligent and that her negligence was the sole cause of the accident. This determination by the trier of fact is not contested. The court awarded damages in the amount of $1,500 to the plaintiff, and the defendant now appeals this ruling and asserts that such a recovery is unwarranted on the facts of this case. The plaintiff also appeals from this judgment, contending that the award below was inadequate.
The only evidence introduced at trial by the plaintiff as to the extent and severity of his injuries was the testimony of the plaintiff himself and that of Dr. Gordon J. Mills, a dentist who had seen the plaintiff after the accident.
The plaintiff testified that the loss of his two teeth were from a mouth that had never given him any trouble before. However, both Dr. Mills and Dr. Joseph M. Kochansky, defendant’s periodontist witness, stated that the plaintiff’s mouth was in terrible condition prior to the accident. They diagnosed severe, chronic, generalized periodontitis, severe bruxism, periapical abscesses, and severe localized dental decay. Both doctors agreed that had plaintiff’s two teeth not been missing, they would have been lost in the near future by disease, and that in order to properly treat plaintiff’s condition, these two teeth would have had to have been removed anyway. Furthermore, neither doctor could positively assert that the accident caused or aggravated all or any part of the condition of plaintiff’s mouth, nor could Dr. Mills say that plaintiff’s problem was even probably caused by trauma from the accident. Finally, both doctors testified that the work they would recommend on the plaintiff’s mouth after the accident would be the same as that they would have recommended before, irrespective of the loss of plaintiff’s teeth or of any other complaint made by the plaintiff as a result of the accident.
It is a well settled principle of law that the defendant takes his victim as he finds him; and that if defendant’s negligence aggravates a pre-existing condition, then the defendant is responsible for the consequence of that aggravation. Romero v. Flo-Tel, Inc. 332 So.2d 596 (La.App. 3rd Cir. 1976). But here, there is conflicting evidence as to any aggravation. The trial court noted in its written reasons:
“ . . . Plaintiff has simply failed to bear his burden of proving that the work which needs to be done in his mouth is a natural consequence of the accident. Certainly, the work needs to be done, but plaintiff has proven just the opposite of which he intended: he has proven that the work needs to be done irrespective of any accident or trauma. He will not be awarded damages to pay for this work, nor will he be compensated for any pain and suffering associated with such work.”
Unlike those situations presented in the jurisprudence cited to the court by the plaintiff, this is not a case where the accident substantially contributed to the necessity of having certain work performed in order to restore the plaintiff to the condition he was in prior to the accident. Rather, in the instant case, the accident did not produce an immediate need for doing the work recommended, did not superimpose anything of any consequence on the existing condition, and did not cause the situation existing afterward in plaintiff’s mouth. Under the circumstances, the doctrine of “take your victim as you find him” is not applicable to this particular case.
Plaintiff clearly has the burden of proving by a preponderance of the evidence that he is entitled to the damages which he claims. Coleman v. Victor, 326 So.2d 344 (La.1976). Here, the trial court, after a full hearing on all the evidence, decided that an award of $1,500 was sufficient to adequately compensate the plaintiff for the loss of the teeth and for pain and suffering. This is a factual matter. The record fully supports the conclusions reached by the trial court in its well written reasons for judgment. No manifest error.
For the foregoing reasons, the judgment of the trial court is affirmed and all costs of this appeal are assessed against the defendant.
AFFIRMED.