394 So.2d 710 (1981)
The INDEPENDENT, INC., Plaintiff-Appellee,
v.
Michael WATSON, Defendant-Appellant.
No. 8008.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1981.
*711 McBride & Brewster, Glynn Rozas, Lafayette, for defendant-appellant.
Dragon & Kellner, Victor Kellner, Lafayette, for plaintiff-appellee.
Before FORET, SWIFT and DOUCET, JJ.
FORET, Judge.
This is an action on open account. The Independent, Inc. (Plaintiff) seeks to recover the sum of $2,371.79 from Michael Watson (Defendant).
The trial court rendered judgment in favor of plaintiff, and defendant appeals. Defendant presents the following issues:
(1) Whether the trial court erred in refusing to allow defendant to amend his answer to conform to the evidence and specifically plead novation, and,
(2) Whether the defendant's obligation under the open account was extinguished by payment.

FACTS
Plaintiff and defendant entered into a written contract on October 20, 1978, by which defendant was obligated to deliver the plaintiff's newspaper to certain subscribers. The plaintiff extended credit by allowing defendant to charge the cost of the newspapers which he delivered. Defendant's credit balance totaled $2,371.79 after ten months of performance under the contract. Defendant executed a promissory note on April 9, 1979, made payable to plaintiff in the amount of $2,678.84. The note was to be paid in monthly installments of $100.00 each until the principal and interest were paid, but defendant defaulted in his payments.
The plaintiff instituted this action on July 26, 1979, seeking recovery on open account instead of the promissory note. Trial of this matter was held on February 12, 1980, and judgment was rendered in favor of plaintiff. Plaintiff was awarded $2,371.79 (the amount owed by defendant on open account) together with legal interest and attorney's fees. Defendant was granted a devolutive appeal from that judgment.

AMENDMENT OF DEFENDANT'S ANSWER
Defendant sought to amend his answer to conform to the evidence to plead specifically the affirmative defense of novation. This request was made at the end of the trial and was denied by the trial court as coming too late in the proceedings.
The question is whether the trial court abused its discretion in refusing to permit defendant to amend his answer.
LSA-C.C.P. Article 1151 provides, in pertinent part:
" .... A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party."
There is no evidence of plaintiff's having given its written consent to defendant's request to amend his answer.
The general rule as to allowing amendments after an answer is filed is that the trial judge has much discretion in such matters and that his ruling will not be disturbed unless there has been an abuse of the discretion vested in him. Calvary Tabernacle v. Louisiana Central Bank, 384 So.2d 814 (La.App. 3 Cir. 1980); Sikes v. McLean Trucking Company, 383 So.2d 111 (La.App. 3 Cir. 1980); Brooks v. Fondren, 199 So.2d 588 (La.App. 3 Cir. 1967).
This Court, in Calvary Tabernacle v. Louisiana Central Bank, supra, said, at page 816, that:
"In his article, Judge Tate says, `In permitting amendment or not, the most important consideration is whether the opponent is unfairly prejudiced.' In Wallace v. Hanover Insurance Company of New York, supra at p. 120, the court held that it was an abuse of discretion to allow an amendment where the other party did not have adequate time to prepare to meet the new issue or defense. The court *712 there suggests that prejudice may be cured by a continuance. Judge Tate comments that the curative effect of a continuance must be balanced against the prejudice caused by the delay, expense and confusion of a continuance. These factors, he suggests, `may outweigh the merit-justice interests which favor it [amendment].'"3
Here, defendant's request came upon conclusion of the trial and raised a new affirmative defense of which plaintiff had no prior notice. We find no abuse of the discretion accorded the trial court.
Defendant also argues that evidence had been adduced without objection which tended to show that the debt, upon which plaintiff brought its action, was novated by plaintiff's acceptance of his promissory note. Therefore, he argues that there was an automatic amendment of his answer to conform to the evidence adduced on the issue of novation.
LSA-C.C.P. Article 1154 governs the amendment of pleadings to conform to the evidence. It reads:
"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence."
The court, in Wallace v. Hanover Insurance Company of New York, 164 So.2d 111 (La.App. 1 Cir. 1964), writ refused, 246 La. 598, 165 So.2d 486 (1964), had occasion to interpret LSA-C.C.P. Article 1154 and the federal sources from which it was derived. It concluded that there are two procedures for amending pleadings to conform to the evidence. The first is an amendment requiring no written or oral pleadings as the original pleadings are simply deemed amended to conform to the proof of issues tried by express or implied consent. The second procedure[1] authorizes the court to allow the amendment of pleadings where the evidence offered is objected to.
The first procedure was discussed in Wallace v. Hanover Insurance Company of New York, supra, on page 118, where it was stated:
"Article 1154 embodies the first of the two federal procedures just mentioned. The comments indicate that because of the lack of opportunity to file written amendments when the evidence is introduced without objection, the court may, on motion of the party, allow amendment at any time, even after judgment. This is not startling, as the written amendment is actually unnecessary under both State and Federal systems. The pleadings may be treated as amended once the evidence enlarging them has been received without objection or the written amendment may be filed even after judgment.
. . . . .
In order for 1154 to work, an automatic amendment of the pleadings, it is necessary that the evidence not be pertinent to any other issue raised by the pleadings in *713 the case, and thus it would have been excluded if objected to timely. If the evidence is admissible for any purpose it cannot enlarge the pleadings except by express consent of the opposing party. (See comment B, Article 1154 and cases cited therein.)"
LSA-C.C.P. Article 1005[2] requires that the answer set forth any affirmative defenses upon which a party will rely. Defendant's answer failed to set forth the affirmative defense of novation.[3]
However, the rule pertaining to an automatic amendment of the pleadings does apply when evidence of an affirmative defense is adduced without objection from the opposing party. Our Supreme Court, in DLJ of Louisiana # 1 v. Green Thumb, Inc., 376 So.2d 121 (La.1979), recognized this in Footnote 9 on page 122, where the Court stated:
"... Generally, affirmative defenses must be raised in the answer of the defendant, see La.Code Civ.P. art. 1005, and cannot be raised by the court sua sponte. Where, however, an affirmative defense has not been pleaded by the defendant but the plaintiff nevertheless fails to object to the introduction of evidence that bears on the affirmative defense and that is not pertinent to any issues raised in the pleadings, the pleadings have been considered to have been enlarged to include the affirmative defense, and the court can act as though the affirmative defense has been pleaded. See Austrum v. Baton Rouge, 282 So.2d 434 (La.1973)."
We have reviewed the record and find that defendant failed to adduce any evidence of a novation without objection, which would be pertinent to that affirmative defense only, and to no other issues raised in the pleadings and which would have been excluded if objected to timely. Therefore, defendant has failed to meet the test set out in DLJ of Louisiana # 1 v. Green Thumb, Inc., supra, and Wallace v. Hanover Insurance Company of New York, supra, for an automatic amendment of the pleadings under LSA-C.C.P. Article 1154.
We make no finding herein as to whether or not a novation occurred when defendant executed a promissory note in plaintiff's favor. Suffice it to say that under LSA-C.C. Article 2190, novation is not presumed; the intention to make it must clearly result from the terms of the agreement, or by a full discharge of the original debt. While it is true that one of the three ways in which novation takes place is "when a debtor contracts a new debt to his creditor, which new debt is substituted for the old one, which is extinguished", LSA-C.C. Article 2189, it is also true, as stated in Rains v. Jones, 152 So. 356 (La.App. 2 Cir. 1934): "The mere giving of a note does not work a novation of the debt unless it is so intended...".

PAYMENT
Defendant argued that his obligation on open account was extinguished by "payment", i. e., the promissory note he gave to plaintiff. The question is whether the trial court erred in finding that there had been no payment of the amount due.
Payment is defined by LSA-C.C. Article 2131 as follows:
"Art. 2131. By payment is meant, not only the delivery of a sum of money, when such is the obligation of the contract, but the performance of that which the parties respectively undertook, whether it be to give or to do." *714 70 C.J.S. Payment § 13, on page 220, states the general rule that:
"In the absence of an agreement providing otherwise, or the consent of the creditor to receive some other medium, payment may be made only in money."
The nature and express terms of defendant's promissory note is that it is nothing more than a promise to pay rather than "payment".
We hold that the mere giving of a promissory note by a debtor to his creditor fails to extinguish an obligation of the debtor to pay a certain sum of money in the absence of an express agreement to the contrary.
Payment is an affirmative defense. LSA-C.C. Article 2130; LSA-C.C.P. Article 1005.
Willis v. Continental Casualty Company, 194 So.2d 785, 787 (La.App. 2 Cir. 1967) states:
"The rule is well established in the jurisprudence of this State that a plaintiff in a civil case bears the burden of proof; he is required to establish his claims to a legal certainty by a reasonable preponderance of evidence; and speculation, conjecture, mere possibility, and even unsupported probability are not sufficient to support a judgment. A similar burden rests upon a defendant with respect to affirmative defenses. Where the proof creates only a suspicion, the defense has not been established."
We find that defendant has failed to meet his burden of proving the pleaded affirmative defense of "payment" as there is insufficient evidence that plaintiff expressly agreed to take defendant's promissory note in payment of defendant's indebtedness on open account.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
Costs of this appeal are assessed against the defendant-appellant.
AFFIRMED.
NOTES
[1] There is no need to discuss the second procedure as the circumstances which give rise to it are lacking in the case sub judice. The plaintiff only once objected to the introduction of evidence on the grounds that to do so would enlarge the pleadings. The plaintiff argued on objection that the evidence being adduced was relevant to the method of extinguishing obligations known as "payment" which defendant failed to plead in his answer. The trial court properly overruled plaintiff's objection as defendant did indeed plead "payment" there.
[2] The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.
[3] LSA-C.C. Article 2130 provides that novation is a method of extinguishing an obligation. As such, LSA-C.C.P. Article 1005 requires a defendant to set forth this affirmative defense in his answer.