432 So.2d 1138 (1983)
Alicia S. EDWARDS, Plaintiff-Appellant,
v.
BANKERS AND SHIPPERS INSURANCE COMPANY OF NEW YORK, et al., Defendants-Appellees.
No. 83-17.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
*1139 Kennedy & Yeager, Ralph W. Kennedy and Charles Yeager, Alexandria, for plaintiff-appellant.
Stafford, Stewart & Potter, Russell L. Potter, Gist, Methvin, Hughes & Munsterman, H.B. Gist, Jr., Alexandria, for defendants-appellees.
Before GUIDRY, STOKER and LABORDE, JJ.
LABORDE, Judge.
Alicia S. Edwards, plaintiff-appellant, filed suit against William Paul Jones, Alterman Transport Lines, Inc. and Bankers and Shippers Insurance Company of New York, defendants-appellees, for alleged injuries to her back and her two front teeth which she received in a vehicular accident. This suit was consolidated with the case of "Alicia Salizar Edwards vs. American Mutual Insurance Company of Boston" in which Edwards alleged she received injuries to her back in a work-related accident.
The trial court found that Jones' negligence was the sole cause of the accident, but awarded damages in favor of Edwards and against defendants-appellees only for the injuries sustained by Edwards to her two front teeth. The trial court found that the back injury was the result of the previous work-related accident and that the back injury was not aggravated by the subsequent accident. Edwards appeals. We affirm. We find that the trial court was not clearly wrong in its decision.
The sole issue on appeal is whether or not the trial court was clearly wrong in concluding that the back injury was not caused or aggravated by the accident.
In January, 1980, Edwards suffered a back injury while in the course and scope of her employment with Camelia Gardens Nursing Home. Dr. John Weiss, orthopedist, treated Edwards for her injury, which he diagnosed as a lumbo sacral strain. The doctor continued to treat her conservatively and admitted her for a brief period of time into a hospital in Alexandria for traction. On June 30, 1980, Dr. Weiss referred her to a Dr. Gaddis, for the purpose of some nerve conduction studies. These studies were negative. American Mutual Insurance Company of Boston, the compensation carrier of Camelia Gardens Nursing Home, made compensation payments to Edwards on this claim until it received a report from Dr. Weiss releasing Edwards to go back to work. This report was received on May 6, 1981.
On July 10, 1980, a large truck backed into a car Edwards was driving. As a result of the accident, Edwards hit her mouth on the steering wheel. The accident was the result of the negligence of the driver of the truck. The truck was owned by defendant, Alterman Transport Lines, Inc., and insured by defendant, Bankers and Shippers Insurance Company of New York. It was driven by William Paul Jones. Immediately following the accident, Edwards went to the emergency room of Rapides General, where she complained of back pain.
On July 30, 1980, Edwards reported to Dr. Weiss about the accident and the ensuing pain. On September 14, 1981, Dr. Weiss referred Edwards to Dr. John Jackson, neurosurgeon, in Metairie, Louisiana. Thereafter, surgery was performed by Dr. Jackson on October 21, 1981, at which time he found a disc squeezing Edwards' S-1 nerve root.
On March 11, 1981, Edwards filed suit for aggravation of her pre-existing back problem, injury to her two front teeth and other damages. The trial court concluded that her two front teeth were damaged, but that her back condition was not caused or aggravated by this accident.
*1140 Edwards contends that the trial court erred in failing to award her any general damages for her injury to her back. It is her contention that the accident aggravated her pre-existing back injury.
In situations involving multiple accidents, whether preceding or subsequent to the accident at issue, it is well settled that a tortfeasor is liable only for the direct and proximate results of his wrongful act. White v. Cumis Ins. Soc., 415 So.2d 574 (La.App. 3rd Cir.1982). Furthermore, the plaintiff has the burden of proving by a preponderance of the evidence the causal connection between the accident and the injuries claimed. Coleman v. Victor, 326 So.2d 344 (La.1976). Whether or not this burden has been sustained is a question for the trier of fact and its finding will not be disturbed on appeal unless clearly wrong. Dofflemyer v. Gilley, 384 So.2d 435 (La. 1980).
A review of the record reveals the following: Prior to the accident, Edwards had undergone extensive treatment for her back injury; Dr. Weiss stated that by April 23, 1980, Edwards already had symptoms compatible with a bulging disc putting pressure on a nerve root; Edwards was complaining of back pain just prior to the accident; Dr. Weiss was the only physician to have treated Edwards before and after the automobile accident; He testified that he could find no real difference between her condition prior to and after the accident.
Edwards testified as to the pain immediately after the accident and offered a nerve conduction study done on June 30, 1981, just prior to the accident to contradict the medical evidence. These nerve studies were negative.
Dr. Jackson, who discovered the bulging disc, testified that Edwards did not relate the accident to him. He was under the impression he was treating her for the injury that resulted from the on-the-job accident. He testified that the treating physician, Dr. Weiss, would have more knowledge about the accident and her condition than him, since he did not see her until many months after the accident.
In view of Dr. Weiss' opinion as to her condition after the accident, we conclude that the trial court was not clearly wrong in finding no causal relation between the accident and the back injury.
For the foregoing reasons, the judgment of the trial court is affirmed at Alicia S. Edwards', plaintiff-appellant, costs.
AFFIRMED.