BOUTALL, Judge.
This is a damage suit for injuries received in a multi-vehicle accident. From a jury verdict dismissing her claim, the plaintiff in intervention has taken this appeal.
The accident occurred on December 6, 1982 on Belle Chasse Highway. A car operated by Christine Bergman, the plaintiff in intervention, had stalled and stopped in the right lane of the highway. Richard Tiemann, the original plaintiff, stopped his vehicle behind her. A third vehicle, owned by Charles Graff III and driven by Rena Graff, plowed into Tiemann’s car and sent it into Mrs. Bergman’s car.
Tiemann filed suit against Charles Graff and his insurer, Allstate Insurance Company, for injuries and property damage. Several months later Christine Bergman, individually and on behalf of her two minor *1268 children, filed a petition of intervention against Rena Graff, Allstate, Tiemann, and his insurer, State Farm Mutual Automobile Insurance Company for personal injuries.[1] State Farm filed a third party claim against Allstate for reimbursement of its payment of Mrs. Bergman’s property damage. Tiemann settled his claim against Graff and Allstate. After a two day jury trial, the jury returned a verdict in which it found that neither Christine Bergman nor her children were injured in the accident; Joseph Tiemann was not negligent; and that Rena Graff and Christine Bergman were both negligent and caused the accident to the extent of 70% and 30% respectively. Judgment was rendered accordingly dismissing the Bergmans’ suit at their cost.[2] From that judgment the plaintiffs in intervention have taken this appeal.
The primary issue raised by the appellant is whether the jury was correct in failing to award damages to the plaintiff, Christine Bergman, despite objective evidence of injuries. The appellant asks also that the court consider whether questioning the plaintiff’s medical witness as to his billing procedures was improper and whether certain comments in the defense counsels’ closing arguments were improper and prejudicial.
We consider first whether the jury’s findings were correct. In order to recover the plaintiffs had the burden of proving, by a preponderance of the evidence, the negligence of the defendant and the damages caused by his fault. Hoffpauir v. State Farm Mutual Auto. Ins. Co., 427 So.2d 560 (La.App. 3rd Cir.1983), writ denied 435 So.2d 449 (La.1983).
The negligence of Rena Graff, driver of the third car, is not in dispute. At trial, the credibility of the plaintiff Christine Bergman was put to severe attack. Mrs. Bergman testified that her car had been struck twice by Tiemann’s ear; however, her own attorney admitted in his closing argument that she was mistaken and there had been only one impact. Other discrepancies in her testimony regarding the accident were noted by the defense. She testified that it was still light on December 6 at 6:30 p.m. and she had not turned on her headlights, while the state trooper investigating the accident and the two other drivers both stated unequivocally that it was dark. The trooper stated that she told him at the scene that she could not move to the shoulder of the road because she was traveling 5 miles per hour when her car stalled, while she testified at trial that her car had stopped “on a dime” at 30 miles per hour but she was not thrown into the steering wheel. After the accident she felt only a slightly stiff neck; however, in giving a history to the chiropractor who treated her she said she struck the steering wheel and felt immediate pain.
The appellees’ position is that, if Mrs. Bergman was injured, it was from the jolt of her car’s having stopped suddenly at 30 miles per hour and not from the minimal impact her car received in the accident. Mrs. Bergman and the children received no medical attention at the scene of the accident, although an ambulance came and took Mr. Tiemann to the hospital. She testified that she received no treatment then because none was offered and did not consider going to a hospital emergency room. Claiming she had moved to the area only a year before and did not know any doctors she called the attorney, Morris Bart and asked for a referral. On his suggestion she and the children saw Dr. Wayne McClendon, a chiropractor, three days after the accident. She admitted that she had an obstetrician-gynecologist who had delivered the baby who was with her in the accident and a pediatrician for the children.
On appeal the appellant’s counsel asks for general damages to Mrs. Bergman in the amount of $7,500 and medical bills of $1,731, including $93 for Dr. McClendon’s *1269 examination of the children. As counsel does not argue for reversal of the jury’s findings that the children were unhurt, we shall not discuss testimony as to them.
Mrs. Bergman, Dr. McClendon, and Lee Bergman, Mrs. Bergman’s husband, all testified to her injuries. She stated that when she first saw Dr. McClendon she had a stiff neck, tingling in her shoulders, and back pain. Dr. McClendon released her after five months of treatment but she testified that she continued to have pain in her “middle back” up to the date of trial. She had not consulted a physician regarding the back ache from May, 1983 until November, 1984; however, she had had another baby in the meantime. She explained that she couldn’t afford treatment and thought she would get better. Her husband’s testimony was essentially the same.
Dr. McClendon testified that she told him she had immediate pain, having been thrown forward and backward. He felt that she had a whiplash type injury. She had an acute cervical sprain with neurological impairment and cervical compression syndrome. He based his diagnosis on the history, x-rays, and his examination in which he found a restricted movement of the neck, a positive foramenal compression test, spasms of the neck and in the junction "of the thoracic and lumbar spine (midback), and believed her condition was due to the accident. He treated her three times a week at first, and gradually reduced visits to two per month. After five months he felt she had reached maximum improvement. Her symptoms had settled down and the neurological findings had recovered. Although he felt she had residual problems, she did not at that time need further care.
The appellant argues that the jury was incorrect in failing to award damages when there were objective injuries and resulting medical expenses, relying on White v. Cumis Ins. Soc., 415 So.2d 574 (La.App. 3rd Cir.1982) and cases cited therein. The ap-pellees rely entirely on their attack on Mrs. Bergman’s credibility, having ordered no physical examination and having presented no medical witnesses to oppose Dr. McClen-don’s testimony. The appellees argue that McClendon’s testimony regarding his agreement with attorney Morris Bart that his bill need not be paid until after the trial was over cast doubt upon his credibility. He was accepted by the court as an expert witness, yet he had an interest in the outcome of the case.
We are mindful of the great weight we must place on a factual determination of the court below and that we may reverse only in the event of manifest error. We agree with the jury’s findings that Thomas and Michelle Bergman were not injured in the accident, that Joseph Tiemann was not negligent, and that Rena Graff and Christine Bergman were negligent and caused the accident to the extent of 70% and 30%, respectively. We believe that the determination that Christine Bergman was not injured in the accident and not entitled to an award for damages is unsupported by the record and clearly wrong.
We acknowledge that the testimony of the plaintiff is clearly inconsistent and contains gross exaggeration of her complaints. Further, we take a dim view of and find suspicious her seeking a medical referral from an attorney rather than her own physician. However, although Dr. McClendon agreed to allow the attorney to delay paying his bill until the case was over, he did expect to be paid for his services regardless of the outcome. The unrefuted medical testimony of Dr. McClendon is credible. He saw Mrs. Bergman only three days after the accident and reported objective findings, such as muscle spasm, which gradually improved, and presented x-rays. The neck problems of Mrs. Bergman were consistent with a rear-end collision. It is undisputed that there was such a collision, the symptoms manifested themselves shortly thereafter, and no evidence of an intervening injury was submitted. Accordingly, we conclude that the evidence preponderates in favor of Mrs. Bergman and that she has carried the burden of proving injury as a result of the accident. At the same time we find that she grossly exaggerates her complaints.
*1270 As to the appellant’s complaints regarding the questioning of Dr. McClen-don on the billing agreement with the attorney, we agree with the appellee that it was relevant and not improper. An attorney is entitled to attempt to impeach his opponent’s witness. We also find nothing improper in counsels’ statements in closing arguments. A reference to Mr. Tiemann’s having made a settlement was not prejudicial, as there was no serious allegation at trial that Tiemann was negligent. Counsel’s statement that it was “almost criminal not to belt the [three year old] child” is irrelevant to the matters under appeal, as the appellant does not appeal the finding that the children were unhurt.
As we have determined that the jury finding that Mrs. Bergman was not injured was incorrect, we reverse that part of the judgment under the authority vested in this court by La.C.C.P. art. 2164, and considering the evidence before us and the individual circumstances of the case as mandated by Reck v. Stevens, 373 So.2d 498 (La.1979), we award to Mrs. Bergman $2,000 in general damages and $1,638 in medical expenses (disallowing Dr. McClendon’s fee for examining the children), plus costs of this appeal.
Accordingly, for the reasons stated above, we reverse in part and affirm in part and vacate the judgment below and substitute the following judgment:
It having been found that the amount of damage suffered by plaintiff was $3,638 and that the defendant Rena Graff was negligent and her negligence caused the accident to the extent of 70%, and that the plaintiff Christine Bergman was negligent and her negligence caused the accident to the extent of 30%,
IT IS ORDERED that there be judgment in favor of the plaintiff Christine Bergman and against the defendants Rena Graff and Allstate Insurance Company in the amount of $2546.60 together with legal interest thereon from date of judicial demand until paid. All costs of court to be similarly apportioned.
IT IS FURTHER ORDERED that the suit of Lee Bergman as administrator of the estate of his minor children, Thomas Bergman and Michelle Bergman against the defendants Rena Graff, Allstate Insurance Company, and State Farm Mutual Automobile Insurance Company be dismissed.
REVERSED AND RENDERED IN PART, AFFIRMED IN PART.

. Mrs. Bergman amended to add as plaintiff in intervention Lee Bergman, father of the children.

. No disposition was made of State Farm’s third party claim for reimbursement against Allstate, and no mention of the claim appears in the appellate brief submitted by counsel.