YELVERTON, Judge.
The defendants-appellants, Southern Security Insurance Company and Israel Roberts, appeal a jury verdict in favor of the plaintiff, James Wayne Sam, in the amount of $27,500 of which $22,500 was for general damages.
The only issue on appeal is the amount of the general damages.
The suit stems from a traffic accident that occurred on September 14, 1985. The plaintiff was a guest passenger in a GMC pickup truck that collided with the vehicle driven by Israel Roberts.
The appellants argue, that in view of the plaintiffs preexisting medical condition, the jury erred in awarding the plaintiff $22,500 in general damages.
The deposition of Dr. Seldon Deshotels was read to the jury. It revealed that the plaintiff was an obese twenty-eight year old man who had had several health problems before the accident of September 14, 1985. Dr. Deshotels had twice done surgery on the plaintiff prior to the accident, to relieve blood clots in his lower extremities, and in order to improve circulation in the veins of the lower extremities. After these surgeries, a chronic swelling condition ensued that caused the plaintiff various problems.
The problem that is the focus of this appeal is the formation of ulcers on the plaintiffs ankles and feet, and the evidence that those ulcers never did completely heal. Before the accident, Dr. Deshotels testified the ulcers were manageable, shallow, uninfected and although uncomfortable, not necessarily painful. The doctor also testified that these ulcers would probably have to be treated the rest of the plaintiffs life, and that the discomfort would also be a long term problem.
The plaintiff sustained injuries to his head, neck, shoulders, and ankle and foot area, in the accident. Dr. Deshotels treated the plaintiff nine times from September 16, 1985, to November 4, 1985. By the latter date, the doctor testified the plaintiffs headaches and neck spasms had sufficiently improved to the point where no more medical attention was needed. However, the ulcers that had been aggravated by the traffic accident were still in need of close supervision.
Dr. Deshotels testified that because of the plaintiffs problem in his lower extremities, scar tissue would not heal a wound permanently, and any amount of trauma severely aggravates a wound. The doctor testified numerous times that the acute problems experienced by the plaintiff between September 14, 1985, and November 5, 1985, were caused by the September 14, 1985, accident. The plaintiffs leg and foot hit the car under the dashboard, when the two cars collided.
After the accident, the plaintiff’s wounds required the placing of a moist conforming cast around his large toe, foot, and ankle, which ended at his knee. The cast had to be changed several times, and the wounds needed to be cleaned several times to avoid *659 infection. Throughout this time, the plaintiff endured noticeable pain in his ankle area rather than the manageable discomfort that occurred prior to the accident. The plaintiff also had headaches, muscle spasms in his neck, for which a neck collar was prescribed, and pain due to an injury to his scalp. Dr. Deshotels testified all these injuries were due to the accident. The plaintiff was treated with physical therapy, and prescribed drugs, to control possible infections and the pain from the injuries.
The plaintiff was coughing up blood at times when Dr. Deshotels saw him on October 30, 1985. He also complained of chest pain. Heparin was prescribed to control this problem, which Mr. Sam had experienced prior to the accident. Another drug, coumadin, was prescribed to relieve the coughing problem, but Mr. Sam was not prudent in taking the medication as rigidly as he should have. Dr. Deshotels testified that not taking the coumadin triggered some of the bleeding and coughing, but that the accident contributed to these conditions also.
On November 5, 1985, the plaintiff was involved in another traffic accident. This accident, although apparently not as serious as the first one, contributed to plaintiffs problems, but the doctor was of the opinion that the worsened ulcer condition resulting from the September 14, 1985, accident would require treatment for the rest of Mr. Sam’s life in any event.
An appellate court can not disturb an award made by a trier of fact unless the record reveals that the trier of fact abused its discretion in making its award. The trier of fact is vested with much discretion in assessing damages which are insusceptible of precise measurement. Batiste v. Joyce’s Supermarket, 488 So.2d 1318 (La.App.3rd Cir.1986). Likewise, a finding by the jury that Mr. Sam’s injuries were caused by the accident, will not be disturbed on appeal unless the finding is clearly wrong. Edwards v. Bankers and Shippers Inc. Co. of New York, 432 So.2d 1138 (La.App.3rd Cir.1983).
The plaintiff has the burden of proving by a preponderance of the evidence the causal connection between the accident and the injuries claimed, and a tortfeasor is liable only for the direct and proximate results of his wrongful act. Edwards, supra.
The appellants argue that the damages sustained by the plaintiff were not caused by the accident. This case does present problems with assessing damages due to the plaintiff’s preexisting condition, and the plaintiff’s second accident. However, Dr. Deshotels testified numerous times that there was a connection between the degree of the symptoms and the accident for which these defendants were sued. His assertions are supported by the record, as it is clear that Mr. Sam’s condition after the first accident materially changed for the worse. Mr. Sam’s condition changed from a manageable chronic problem to an acute problem. His discomfort increased to pain that required medication. The mild treatments for his problems became intensified treatments.
In view of Dr. Deshotels’ testimony, we conclude that the jury was not clearly wrong in finding a causal connection between the accident and the injuries sustained. For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the defendants-appellants.
AFFIKMED.