GARRISON, Judge.
Plaintiff in the case at hand, Alan Gol-dan, filed suit against Monroe Coleman, II, State Farm Insurance Company and Allstate Insurance Company, Mr. Coleman’s insurer, for damages sustained in an automobile collision. Prior to trial both State Farm Insurance Company and Monroe Coleman, II were dismissed from the suit by the plaintiff. The defendant was found to be not liable for plaintiffs alleged injuries and the plaintiff has now brought this appeal.
On April 16, 1986 on Broad Street in New Orleans, Louisiana, a vehicle operated by Monroe Coleman, II struck plaintiffs vehicle from the rear while it was stopped at a traffic signal. Plaintiff alleged in his petition that, as a result of this accident, he sustained injury to his back. Upon conclusion of the trial, the court granted plaintiffs motion for a directed verdict on the issue of Mr. Goldan’s negligence. The issues of causation and damages were left to the jury.
The jury found that the accident in question was not the cause of plaintiffs alleged injuries and, as such, awarded no damages. Plaintiff has now appealed, assigning the following errors of judgment.
Plaintiff contends that: the jury erred in its failure to find causation, which was contrary to the evidence presented at trial; the jury erred in failing to award the plaintiff damages as this was also contrary to the evidence; the court erred in the manner of exercising peremtory challenges as per C.C.P. art. 1766(B); the trial court erred in failing to give plaintiffs requested jury charges as to aggravation of pre-existing injuries, positive versus negative medical findings, testimony of experts, and minimal impact should not effect quantum.
In his first assignment of error, plaintiff contends that the jury’s finding of no causation was contrary to all evidence presented at trial and, thus, is manifestly erroneous. Specifically, plaintiff alleges that all four of the testifying physicians found signs of injury, and, more importantly that all four doctors gave the opinion that the automobile accident in question caused such injury, the only dispute being the type of injury suffered. The trial record, however, does not support this contention.
To the contrary, Dr. Parnell, an expert witness who had examined the plaintiff, testified that his initial examination revealed no abnormalities nor could he find any objective problem to correlate with plaintiff’s complaints of back pain. On plaintiff’s second visit, the doctor found bulges in the plaintiff’s disks which he felt were normal for a patient of that age. Further, Dr. Parnell went on to state: “that he could have slept wrong and had those problems”.
Another expert witness, Dr. Williams, stated that he found no objective abnormalities in plaintiff’s spine and that he too could find nothing objective in his examination of the plaintiff to correlate to plaintiff’s complaints. At no time did either of these witnesses state that the plaintiff’s alleged injuries were the result of the accident in question.
The plaintiff must show by a preponderance of the evidence the causal connection between the defendant’s actions and the injury alleged. Olivier v. Sears Roebuck & Co. 499 So.2d 1058 (La.App. 3rd Cir.1986). In the case at hand, testimony was presented which supported such causal connection and testimony was presented which did not. This determination will not *498 be disturbed unless clearly wrong. White v. Cumis Insurance Society, 415 So.2d 574 (La.App. 3rd Cir.1982). In the instant case, there was evidence presented at trial which could support the jury’s finding of no causality. The trial court’s decision won’t be disturbed.
The plaintiff’s second assignment of error is that the jury failed to award damages contrary to evidence presented at trial. As stated above, the jury failed to find a causal connection between the accident of April 16, 1986 and plaintiff’s alleged injuries. As this was not an abuse of the trial court’s much discretion, its decision must stand. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). The trial court did not err in its refusal to award the plaintiff damages.
In his third assignment of error, the plaintiff argues that the trial court erred in the manner in which peremptory challenges were exercised, basing this claim on Louisiana Code of Civil Procedure art. 1766(B) which states as follows:
“If a juror has not been excused for cause, a peremtory challenge may be made by any party. The court shall alternate between sides when making initial inquiry as to whether any party wishes to exercise a peremptory challenge to that juror.”
Here, the trial court required plaintiff to declare whether or not he would challenge each juror, until he in fact did so, at which time the defendant was required to do the same.
The comments to C.C.P. art. 1766 state the purpose of the aforementioned clause as efficiency and reduction in the risk of prejudice which might result from an unsuccessful challenge. In this instance, plaintiff has asserted no prejudice or irreparable harm resultant of the manner in which peremtory challenges are exercised. Thus, while there was error, it was harmless error. The plaintiff has failed to put forth any harm suffered by him as a result of the trial court’s failure to follow the manner in which peremtory challenges are to be exercised as per C.C.P. art. 1766. We find no reversible error.
The fourth assignment of error claimed by plaintiff was the trial court’s failure to give plaintiff’s requested jury charges. The trial judge is under no obligation to give any specific jury instructions that may be submitted by either party. Oatis v. Catalytic, Inc., 433 So.2d 328 (La.App. 3rd Cir.1983). He does, however, have a duty to charge the jury as to the applicable law in light of the pleadings and facts in the particular case. Arnold v. T.G. & Y. Stores Co., 466 So.2d 529 (La.App. 3rd Cir.1985). In the case at hand, the trial judge met the test of adequacy of instruction in that the instructions fairly and reasonably pointed out the pertinent issues and provided correct principles of law for the jury to apply to those issues.
Finally, plaintiff argues that the trial judge erred in failing to grant a judgment NOR, additur, or, alternatively, a new trial. As previously stated, the jury’s finding was not manifestly erroneous. Therefore, the trial judge did not err in failing to grant a judgment NOR, additur, or a new trial.
AFFIRMED.